# DECISIONS

## OF THE

# Court of Appeals of Kentucky

## FALL TERM, 1917.

### Whittle, et al. v. Rawleigh Medical Company.

(Decided October 5, 1917.)

Appeal from Russell Circuit Court.

1. Appeal and Error—Dismissal, Withdrawal or Abandonment.—
   Where it is made to appear that the right of the appellant to
   prosecute his appeal has ceased, section 757, Civil Code, au-
   thorizes its dismissal, upon motion of the appellee, supported by
   written grounds showing the loss or cessation of such right to
   prosecute the appeal.

2. Appeal and Error—Dismissal.—If, pending the appeal, conditions
   should arise that would make such judgment as would be ren-
   dered on the appeal, of no effect, the appeal will be dismissed.

3. Appeal and Error—Compromise—Dismissal.—Compromise by the
   appellant, after the granting of the appeal or during its pen-
   dency, of the judgment appealed from, will authorize the dis-
   missal of the appeal upon the appellee's motion made as allowed
   by section 757, Code.

4. Appeal and Error—Dismissal.—If the facts authorizing the dis-
   missal of the appeal as allowed by section 757, Civil Code, be
   not shown by the record, the appellee may, as provided by sec-
   tion 758, Civil Code, plead them by a verified answer, to which
   the appellant may file a verified reply; but if the appellant fail,
   by such reply, to controvert the averments of the answer, they
   are to be taken as confessed; and in such state of case the dis-
   missal of the appeal will follow.

LILBURN PHELPS and J. N. MEADOWS for appellants.

J. H. STONE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Dismissing appeal.

The appellee, W. T. Rawleigh Medical Company, has entered a motion to dismiss the appeal prosecuted by the appellants, N. A. Whittle and others, from the judgment of the Russell circuit court, by which judgment appellee recovered of them $284.64, besides interest and cost, which was all of its claim sued upon in the action, except $17.96. By the same judgment demurrers filed by appellee to the several paragraphs of appellants' set-off and counter-claim, were sustained, except as to the item of $17.96 contained in one of such paragraphs and claimed by appellants as a credit against appellee; the question whether appellants were entitled to the credit by the item of $17.96 referred to, being continued by the judgment for future adjudication by the court. The appeal prayed and granted is from the judgment as a whole, and the case has been submitted upon the motion to dismiss the appeal, as well as upon its merits.

The dismissal of the appeal is asked by appellee upon the ground that appellants have lost their right to further prosecute it or obtain a decision thereof by this court. This contention rests upon the state of facts, set forth in a verified answer filed by appellee in this court; in which it is, in substance, alleged that since the taking of the appeal and during its pendency, to-wit, on August 2, 1916, by a compromise and settlement between appellee and appellants of that date, appellants paid, and the appellee accepted, in full satisfaction of its demands, the $284.64 recovered by it in the court below, and its costs, which added to the $284.64 made a sum total of $337.03; and that in consideration of its acceptance of this amount and its agreement to yield its right to the $17.96 claimed in appellants' counter-claim as a credit against appellee's demand, the appellants surrendered their claim to the item of $17.96 as a credit and agreed to abandon their counter-claim and right to continue or prosecute the appeal to this court from the judgment of the circuit court.

The writing which it is claimed evidences this settlement is in the nature of a receipt executed to appellants by appellee through its counsel, which does little more than set out the amount paid in this settlement, how much thereof was paid on the demand sued for by plaintiff, and what part thereof was for the costs of the action; but the writing, as a whole, indicates that there

was a full settlement of all matters in litigation between the parties. Moreover, it is alleged in the answer that the transaction in question was intended as, and in fact constituted, a full and complete compromise and settlement between the parties of all claims and matters in controversy in the action; and that the compromise was proposed and settlement made by appellants through their attorney, who had authority from them to propose and make it, and through whom they paid the money that was received by appellee in its settlement. Appellants have not controverted the averments of the answer by a reply or any other pleading; consequently, its averments, like those of any other answer or pleading, are to be taken as confessed. Section 757, Civil Code, provides:

"If it appear from the record that an appeal was improperly granted, or that the appellant's rights to prosecute it further have ceased, the appellee may, upon stating the grounds, in writing, move the court to dismiss the appeal. . . ."

Section 758 provides:

"If the facts mentioned in section 757 be not shown by the record, the appellee may plead them by a verified answer, to which the appellant may file a verified reply; and the questions of law or fact thereon shall be heard and determined by the court on or after the day on which the case is set for trial on the docket."

It is insisted for appellants that the settlement made by them with appellee, set up by the latter's answer filed in this court, cannot prevent the prosecution of their appeal, or a trial upon the counter-claim, in the event of the reversal by this court of the judgment, because section 372, Civil Code, declares that:

"A defendant is entitled to a trial of a set-off or counter-claim, although the plaintiff dismiss his action or fail to appear."

Unfortunately for this contention, the section of the Code, *supra,* can here have no application, because in this case, according to the undenied allegations of appellee's verified answer filed in this court, the compromise and settlement made between appellants and appellee included an agreement on the part of the former to dismiss, or, at least, abandon, their counter-claim, and their right to litigate with appellee any cause of action that it might otherwise have given them.

The question here involved was before us, upon substantially the same state of facts here presented, in the case of Ohio River Contracting Co. v. Pennybacher, 168 Ky. 78. In that case we held that where, pending the appeal, conditions have arisen that would make the judgment on appeal of no effect, it will be dismissed. The opinion, after quoting and applying to the facts the provisions of sections 757-758 of the code, proceeds to deal with the question in hand as follows:

"Appellant insists that notwithstanding the compromise, it yet has the right to litigate the question as to whether appellee has a cause of action against it; while appellee's attorney insists there is now no action pending between the parties, and that the question which the appellant proposes to litigate is merely a moot question.

"It is true that section 757, as amended by the act of 1888, further provides that when a party recovers judgment for only a part of the demand or property he sues for, the enforcement of such judgment shall not prevent him from prosecuting an appeal therefrom as to so much of the demand or property sued for as he did not recover. But the case at bar does not come within the provision of the Code, since the plaintiff is not appealing. Neither is this case controlled by the decision in Nashville, C. & St. L. R. Co. v. Bean's Exr., 128 Ky. 758, where the judgment was paid by the appellant without a compromise or settlement of the case, and the appellant still had the right of restoration in case of a reversal. In that case there was no settlement or compromise of the cause of action as here. 3 C. J., p. 675; Little v. Bowers, 134 U. S. 547.

"If appellant's position be correct, and the judgment should be reversed, there would be nothing to try upon the return of the case to the circuit court, since the settlement would be a bar to the further prosecution of the action. A reversal would accomplish nothing; an affirmance would benefit nobody.

"The courts do not try academic questions where neither party will be affected by the result."

In view of the situation here presented, and the authorities referred to, no benefit would result to appellants from a decision of this court holding that the action of the circuit court in sustaining the demurrers to the several paragraphs of their counter-claim, was error; if, indeed, it was error. It is sufficient to say that the conditions that have arisen in this case, pending the ap-

peal, caused by the compromise and settlement between the parties, would make any judgment we might render on the appeal, of no legal effect.

Wherefore, the motion of appellee is sustained, and the appeal dismissed.