**James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,**

v.

**Lawrence Henry SEXTON et al., Appellees.**

Supreme Court of Kentucky.

Feb. 20, 1976.

Earl Cornett, Gen. Counsel, Dept. of Labor, Frankfort, Gemma M. Harding, Dept. of Labor, Louisville, for appellant.

Ronald G. Polly, Polly, Craft & Asher, Whitesburg, for appellee Lawrence Henry Sexton.

STERNBERG, Justice.

This is an appeal from a judgment of the Letcher Circuit Court affirming an award of the Kentucky Workmen's Compensation Board which granted the claimant, Lawrence Henry Sexton, compensation for permanent and total disability. On appeal the Special Fund attempts to raise several issues, any one of which, if proven, would successfully preclude any liability on the Special Fund.

On February 12, 1974, counsel for appellant filed a brief with the board, which states as follows:

"Upon reviewing this case, Special Fund concedes that the claimant has silicosis and is totally and permanently disabled.

Claimant is entitled to benefits in the amount of $47.00 per week for a total of 425 weeks. This award should be prorated 75–25 between the Special Fund and the Defendant employer respectively."

The award of the board dated June 3, 1974, about which the appellant now complains, provides in part:

"1.  Plaintiff is awarded and shall recover of the defendant, Special Fund, the sum of $47.00 per week for a period of 425 weeks in the aggregate from November 20, 1968, as permanent total disability benefits;  together with interest at the rate of 6% per annum on all past due and unpaid installments of such compensation, and said defendant shall take credit upon this award for any such compensation heretofore paid plaintiff."

This award is exactly and concisely in keeping with the concession made by the Special Fund, except as to the apportionment of the award, and that issue has not been raised on this appeal.

 The concession of counsel for the Special Fund constitutes an admission of all of the facts necessary to a proper finding that claimant is entitled to an award of compensation and an apportionment of it to the Special Fund.  The appellant will not be heard to admit liability and then on appeal to this court attempt to challenge liability on the same issues that liability had been admitted.

The judgment is affirmed.

All concur.