**GENERAL ELECTRIC COMPANY,**
Movant,

v.

**Philip C. MORRIS; John Calhoun Wells, Commissioner of Labor and Custodian of the Special Fund; and Workers' Compensation Board, Respondents.**

Supreme Court of Kentucky.

May 10, 1984.

Rehearing Denied July 5, 1984.

Irvin Abell III, and Victor B. Maddox, Louisville, for movant.

Wilton R. Long, Jr., Louisville, Thomas A. Dockter, Frankfort, John E. Stephenson, Louisville, J. Scott Getsinger, Frankfort, for respondents.

## OPINION OF THE COURT

■■■■ We granted the motion of General Electric Company for discretionary review, and after considering the briefs and hearing the matter at oral argument, we hereby adopt the opinion of the Court of Appeals, written by Judge Anthony Wilhoit, as the opinion of this court:

"This is an appeal by a workers' compensation claimant and a cross-appeal by his employer from a judgment of the Jefferson Circuit Court, affirming the Workers' Compensation Board's award to the claimant and allowing credit against the award for voluntary payments made to the employee prior to October 11, 1977.

"On April 19, 1976, the appellant injured his back while in the course of his employment by the appellee General Electric. He was off work for sixteen weeks due to his injury. He and his employer agreed to a settlement of his workers' compensation claim for temporary total disability benefits for the sixteen weeks. The settlement, by which the employer agreed to pay him $96.00 per week for the period, was approved by order of the Board on September 7, 1976. On February 1, 1977, the appellant's back disability recurred, and the employer voluntarily resumed paying him $96.00 per week until it was able to find him a sedentary job on July 13, 1978. On October 11, 1977, the appellant moved to reopen his settlement and to make the Special Fund a party on the ground that his condition had changed and his disability had become permanent. This motion was granted, and ultimately the Board found that his occupational disability was twenty percent, with fifteen percent of that disability attributable to the injury of April 19, 1976, and five percent attributable to the arousal of a dormant non-disabling condition. General Electric was ordered to pay the appellant $12.44 per week from October 11, 1977, for so long as he is disabled, and the Special Fund was ordered to pay him $4.15 per week for a like period.

"The appellant argues that his benefits should have been increased to $32.00 per week because at the time of his injury in 1976 KRS 342.740(1) as interpreted in *Apache Coal Co. v. Fuller*, Ky., 541 S.W.2d 933 (1976), required a minimum award in that amount. General Electric counters that in *Keefe v. O.K. Precision Tool & Die Co.*, Ky.App., 566 S.W.2d 804 (1978), this Court concluded that the *Apache* decision was applicable only to claims arising prior to January 1, 1977 (when the amendment to KRS 342.740(1) became effective) and not finally decided prior to November 12, 1976 (when the *Apache* decision became final). Although it acknowledges that the claim here arose prior to January 1, 1977, it maintains that the claim was finally decided for purposes of applying *Apache* when the Board approved the settlement on September 7, 1976.

"*Keefe v. O.K. Precision Tool & Die Co.*, *supra*, involved an effort to reopen an award for permanent partial disability in order that the award might be increased to comply with *Apache*, which was decided after the award had been made. The only available ground for reopening the case was mistake of law in computing the award. *See* KRS 342.125. This Court observed that the computation of the award could have been raised in the original proceeding before the Board but was not. It was then held that subsequent interpretation of the law do not warrant the reopening of awards made final under the doctrine of res judicata, and because the Board's award had become final before the *Apache* decision did, the order denying reopening was affirmed. The ground to reopen in this case, however, was change of condition from a temporary partial disability to a permanent partial disability. As the very nature of this ground contemplates a change in the claimant's condition since the

original award, *Osborne v. Johnson,* Ky., 432 S.W.2d 800 (1968), the original award could scarcely have been a final decision on this change. *American Standard, Inc. v. Stephen,* Ky.App., 565 S.W.2d 158 (1978).

"The law in workers' compensation has long been that the amount of compensation to be received by a claimant is governed by the statutes in force when the disability occurred. *Yocom v. Karst,* Ky., 528 S.W.2d 697 (1975); *Peabody Coal Co. v. Guthrie,* Ky., 351 S.W.2d 168 (1961). The right to have compensation computed in such a manner has been recognized as one of substance rather than procedure. *Cantrell v. Stambaugh,* Ky., 420 S.W.2d 677 (1967). This being so, we believe that the appellant was entitled to have his compensation computed in accordance with the statute in effect on April 19, 1976, when, as the Board on reopening concluded, he 'received a permanent injury of appreciable proportions[. ]' The proper computation to be made under that statute is as set out in the *Apache* case. In failing to so compute the appellant's award in accordance with *Apache,* the Board erred.

"In its award, the Board provided that General Electric be given 'credit for any compensation heretofore paid.' On appeal, the circuit court limited the credit to the amount of the voluntary payments made by the employer during the period from October 11, 1977, the effective date of the new award, to July 13, 1978, the date of the last voluntary payment. The appellant insists that neither the compensation statutes nor the case law provides that the employer should be given a dollar-for-dollar credit for voluntary payments against an award and suggests that this question should be resolved under the rationale of *South Central Bell Telephone v. George,* Ky.App., 619 S.W.2d 723 (1981). That case held that weekly sickness disability benefits paid by the employer to the employee should be credited against his worker's compensation award only to the extent of the amount of the weekly compensation payment found to be due rather than on a dollar-for-dollar basis. General Electric makes a policy argument that to disallow full credit for voluntary payments would discourage employers from making voluntary payments to claimants prior to judgment, thereby in many instances causing the claimant severe hardship. The basis of its cross-appeal is that the Board's allowance of full credit should have been affirmed by the circuit court.

"Even though statutes bearing on the allowance of credit for voluntary payments have been repealed, we do not believe the General Assembly thereby intended to discourage voluntary payments to an injured employee or to preclude any allowance for credit so long as it is consistent with the purposes of the Workers' Compensation Act. Although supplying no controlling authority in the case before us, *Harvey Coal Corp. v. York,* 252 Ky. 605, 67 S.W.2d 977 (1934), and *Stearns Coal & Lumber Co. v. Vanover,* 262 Ky. 808, 91 S.W.2d 518 (1936), furnish an illustration of the competing policies with which we are faced. Considering these policies, a dollar-for-dollar credit for voluntary payments in excess of the compensation found to be due would seem to frustrate the purpose of the compensation act that periodic payments over a statutorily set period be made, absent agreement by the parties and approval by the Board. *See* KRS 342.040 and 342.150. By allowing full credit, the claimant, as would be the case here, could be deprived of many future periodic payments. For this reason, we conclude that each weekly voluntary payment should be credited against each weekly workers' compensation payment due to the extent that the weekly voluntary payment does not exceed the weekly compensation payment. We also conclude that under the particular facts of this case the statutory scheme would not be violated by the allowance of a weekly credit for the voluntary payments made from February 1, 1977, to October 11, 1977, even though workers' compensation was not payable for that period. Since the statutory scheme would not be violated and justice favors such an allowance, it should be made.

"We agree with the circuit court that the voluntary payment by General Electric of what amounted to the maximum weekly compensation award is not an irrevocable concession that the appellant was totally disabled for the period of such payments. As pointed out by that court, *Yocum v. Sexton*, Ky., 534 S.W.2d 452 (1976), is not authority for such a proposition, nor is *Whittle v. W.T. Rawleigh Medical Co.*, 177 Ky. 1, 197 S.W. 470 (1917), cited by the appellant in his brief. We likewise agree with the circuit court that the evidence presented to the Board did not require it to find that the appellant was totally disabled for the period from January 18 to July 9, 1980. *See Snawder v. Stice*, Ky.App., 576 S.W.2d 276 (1979).

"The judgment of the Jefferson Circuit Court is affirmed insofar as it denies recovery for total temporary disability, and is reversed insofar as it approves the Board's method of computation of the appellant's award and as to the credit allowed for voluntary payments by the employer. This case is remanded to the circuit court for entry of an order remanding this case to the Workers' Compensation Board for entry of an award consistent herewith."

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., and AKER, LEIBSON and WINTERSHEIMER, JJ., concur.

VANCE, J., files a dissenting opinion in which GANT and STEPHENSON, JJ., join.

VANCE, Justice, dissenting.

The majority opinion permits an employee to retain voluntary payments made by an employer to the employee during the pendency of claim for compensation even though the voluntary payments were in excess of the amount the employee was entitled to receive as finally determined by the Compensation Board. This is justified upon the ground that to allow the employer a dollar-for-dollar credit of the excess voluntary overpayment against future payments under the award would in some instances, including this one, result in depri-

vation of a claimant of any compensation for some period of time. The fact is, however, that the claimant would not be deprived of any compensation, he would have simply received his compensation in advance of the date it was due.

Although this policy works to the benefit of the claimant in this particular case, I believe it will work to the detriment of all claimants generally in the long run. Most employers, when faced with the proposition that a voluntary payment on their part will occasion a risk that they cannot claim credit for any overpayment against future liability, may well simply decline to make any payment voluntarily during the pendency of a claim. This would penalize thousands of claimants who need compensation between the date of injury and the award of compensation, and who might otherwise have it except for this decision. When the competing factors are weighed, I believe the balance falls on the side of allowing dollar-for-dollar credit to the employer.

GANT and STEPHENSON, JJ., join in this dissent.