W.T. SISTRUNK & COMPANY and American Motorist Insurance Company, Appellants,

v.

Michael Lee KELLS, E. André Busald, and Kentucky Workers' Compensation Board, Appellees.

Court of Appeals of Kentucky.

Feb. 28, 1986.

Ordered Published March 21, 1986.

Albert B. McQueen, Jr., Ronald L. Green, Lexington, for appellants.

E. André Busald, Florence, for appellees.

Before COOPER, HOWARD and LESTER, JJ.

LESTER, Judge.

This is an appeal from a judgment which enforced a final award and order of the Workers' Compensation Board (Board) pursuant to KRS 342.305.

Appellee Michael Lee Kells was originally an employee of appellant W.T. Sistrunk & Company (Sistrunk). On May 2, 1982, Kells suffered a work-related injury. Following a hearing before the Workers' Compensation Board, Kells was awarded temporary total disability benefits for two weeks at $235.76 per week and permanent partial disability benefits of $19.07 per week for a period not to exceed 425 weeks. The same order directed that "[t]he Defendant [appellant W.T. Sistrunk & Co.] shall take credit for any payments of compensation heretofore made." Sistrunk was also ordered to compensate Kells for certain medical expenses. In a later order, the Board directed Sistrunk to pay the fees of appellee E. Andre' Busald, attorney for Michael Kells.

Prior to the award by the Board, Sistrunk had voluntarily paid to Michael Kells 41 weeks of temporary total disability benefits at the rate of $235.76 per week, or a total of $9,666.16. The order of award to Kells totaled $8,104.75. Kells' recoverable medical expenses totaled $241.40, and attorney fees totaled $1,613.20.

Appellants adopted the position that "credit for payments of compensation heretofore made" entitled them to a dollar-for-dollar credit against their total liability to Kells. As the payments already voluntarily made exceeded the total award ordered by the Board, including medical expenses, appellants refused to pay anything further to Michael Kells. Furthermore, appellants refused to pay the fees of Kells' attorney, Busald, since there were no final payments of compensation to commute for that pur-

pose. Appellants also billed Kells for the "overpayment."

The appellees, Kells and Busald, brought an action in circuit court pursuant to KRS 342.305 to enforce the orders of the Board for: (1) the remaining weeks of permanent partial disability benefits owed to Michael Kells; (2) the medical expenses awarded to Kells; and (3) the attorney fees awarded to Busald. The appellants defended this action, arguing that they had no further obligation to either Kells or Busald. The circuit court ruled that "credit for payments of compensation heretofore made" entitled the appellants to subtract one week from Kells' total of 425 weeks of payments for each week that they had voluntarily paid Kells at least $19.07. In other words, credit would be on a week-for-week basis and not on a dollar-for-dollar basis. The court also ordered the appellants to pay Kells' medical bills and Busald's attorney fees, with 12% interest. Finally, pursuant to KRS 342.310, the circuit court assessed the whole cost of the proceeding against the appellants.

Appellants first allege that the court below was required to enforce the award as written, and that its "interpretation" of the language of the award was not within the authority granted by KRS 342.305. That argument borders on the frivolous. Appellants cite *Brown Badgett, Inc. v. Calloway*, Ky., 675 S.W.2d 389, 390 (1984), for the proposition that all factual disputes (e.g., whether medical expenses claimed were reasonable under the circumstances) must be determined by petition to the Board and we agree.

■ However, the legal significance of language in an administrative order is always subject to interpretation by a reviewing court, which must enforce such orders according to existing law. If a reviewing tribunal requires further facts upon which to form a conclusion of law, it may remand a case to the Workers' Compensation Board for the required factual determination. *See Wells v. Craddock*, Ky.App., 683 S.W.2d 639, 640 (1985); *Associated Pallet,*

*Inc. v. Koon,* Ky.App., 593 S.W.2d 878, 879 (1979). Furthermore, legal errors of an administrative body may always be corrected by a reviewing court. *See Cabe v. Toler,* Ky., 411 S.W.2d 41, 43 (1967); *Schaab v. Irwin,* 298 Ky. 626, 183 S.W.2d 814, 816 (1944). *Cf. Department of Highways v. Cardwell,* Ky., 409 S.W.2d 304, 306 (1966). It was therefore clearly within the power of the circuit court (1) to interpret the language of the Board's order according to prevailing law, or (2) to correct any legal errors which the Board may have made in phrasing its order.

Appellants next contend that it was error for the circuit court to interpret the order of the Board according to law not in force at the time of the order (January 24, 1984). Specifically, appellants object to what they describe as "retroactive" application of a week-for-week measure of credit for compensation previously paid, as set out in *General Electric Co. v. Morris,* Ky., 670 S.W.2d 854, 856 (1984). Appellants suggest that prior to the *Morris* case the prevailing rule of law was that such credits would be on a dollar-for-dollar basis, and that it was unfair for the circuit court to "reopen" the decision of the Board and apply this "new policy" to the appellants, they having detrimentally relied on the prior law. *Great Atlantic & Pacific Tea Co. v. Scanlon,* 266 Ky. 785, 100 S.W.2d 223, 225 (1936). We find this argument unpersuasive.

First, appellants fail to cite any authority for the rule upon which they have so erroneously relied. Although appellants apparently base their entire argument on what they contend was a common rule of law, appellants cite no case, no statute, no treatise, no legal encyclopedia, no annotation, nor even a law journal article in support of their position.

Second, the overwhelming authority is contrary to the position taken by Sistrunk. Prior to the holding in *General Electric, supra,* the common measure of credit for payments voluntarily made was on a week-for-week basis. We can find no Kentucky authority for the dollar-for-dollar measure advocated by the appellants. *See, e.g., South Central Bell Telephone Co. v. George,* Ky.App., 619 S.W.2d 723, 725 (1981), (employer entitled to credit for each week employer paid benefits equal to Workers' Compensation award); *Cottrell v. Alton Box Board Co.,* Ky., 510 S.W.2d 19, 20 (1974), (Workers' Compensation Board acted properly in permitting employer to deduct the number of weeks for which compensation for temporary total disability was paid); *Browning v. Moss Williams & Co.,* 306 Ky. 520, 208 S.W.2d 495, 497 (1948); *Consolidation Coal Co. v. Ditty,* 286 Ky. 395, 150 S.W.2d 672 (1941) (credit given to employer for each week in which employe was paid wages equal to or greater than the amount awarded by the Workers' Compensation Board). *See generally,* 2 A. Larson, *The Law of Workmen's Compensation,* § 57.47 (1983 & 1984 Supp.). Far from invoking some new policy rule retroactively, as appellants claim, the circuit court merely applied the prevailing law in enforcing the Board's order and award, as was its responsibility at law.

Sistrunk finally contends that the court erred in holding the appellants responsible for the whole cost of the action below. KRS 342.310 states in pertinent part:

Court may assess costs of unreasonable proceedings.—If the Board or any court before whom any proceedings are brought under this chapter determines that such proceedings have been brought, prosecuted or defended without reasonable ground, it may assess the whole cost of the proceedings which shall include actual expenses but not be limited to the following: court costs, travel expenses, deposition costs, physician expenses for attendance fees at depositions, attorney fees, and all other out-of-pocket expenses upon the party who has so brought, prosecuted or defended them.

The appellants, defendants below, defended their arbitrary interpretation of the award of the Workers' Compensation Board on the grounds (1) that the measure of any credit allowed by the Board was a factual determination, and therefore not within the limited jurisdiction conveyed by

statute to the circuit court, and (2) that the circuit court could not retroactively apply a new and novel legal measure where the prevailing law was otherwise, and where the defendant below had relied upon the prevailing law. In our view, it was not reasonable for the appellants to argue that a patently legal measure was a factual determination. It was further not reasonable for them to argue that the prevailing law required a certain interpretation, where the appellants not only ignored established legal authority to the contrary but were unable to cite a single authority to justify their argument.

While we stop short of finding that the appellants acted in bad faith, in our opinion the appellants' arguments, both in this Court and in the circuit court, are so lacking in merit as to be groundless. *Mastin v. Liberal Markets*, Ky., 674 S.W.2d 7, 14 (1984). Accordingly, we find no abuse of discretion by the trial court in assessing the whole costs of the proceedings upon the appellants.

The judgment is affirmed.

All concur.