A & K COAL COMPANY, Movant,

v.

Jessie BLANKENSHIP, et al.,
Respondents.

John C. WELLS (Special
Fund), Movant,

v.

James W. MOMAN, Island Creek Coal
Company & Workers' Compensation
Board, Respondents.

John C. WELLS (Special
Fund), Appellant,

v.

Richard P. KIMBLER, Little Elkhorn
Coal Company and Workers'
Compensation Board, Appellees.

LITTLE ELKHORN COAL, Appellant,

v.

Richard KIMBLER, John C. Wells (Spe-
cial Fund) and Workers'
Compensation Board, Appellees.

Supreme Court of Kentucky.

May 1, 1986.

G.C. Perry, Paintsville, Jackie Blanken-
ship, Director, Workers' Compensation Bd.,
Frankfort, for Jessie Blankenship.

David R. Allen, Cyril E. Shadowen, La-
bor Cabinet, Louisville, for John C. Wells.

J. Quenton Wesley, Morganfield, for
James W. Moman, et al.

William P. Swain, Peter J. Glauber, Louis-
ville, for Island Creek Coal Co.

Janet Stumbo, Arnold Turner, William G.
Francis, Prestonsburg, for Richard P. Kim-
bler, et al.

Janet Stumbo, Arnold Turner, Prestons-
burg, Cyril E. Shadowen, Dept. of Labor,
Louisville, for Richard Kimbler, John C.
Wells and Workers' Compensation Bd.

John F. Vincent, Max D. Picklesimer,
Ashland, for amicus curiae, Pine Mountain
Paving Co.

William G. Francis, Francis, Kazee &
Francis, Prestonsburg, for movant A & K
Coal Co. and Little Elkhorn Coal.

David R. Allen, Douglas A. U'Sellis, Louisville, for Special Fund.

## OPINION OF THE COURT

These cases have been consolidated in order to determine the application of Kentucky Workers' Compensation Statutes KRS 342.120 and KRS 342.320. The cases involve the resolution of two particular issues: 1) whether accrued interest to which an employee is entitled on benefits past due at the time of an award are the sole responsibility of the employer or the joint responsibility of the employer and the Special Fund; and 2) whether attorneys fees commuted from the final payments of compensation payable from the award are the sole responsibility of the Special Fund or the joint responsibility of the Special Fund and the employer.

We granted discretionary review in *A & K v. Blankenship,* and *Wells v. Moman,* and granted a motion to transfer in *Wells v. Kimbler* to resolve the issue of interest on accrued benefits. We granted transfer of *Little Elkhorn Coal v. Kimbler* to resolve the issue of liability for attorneys' fees.

In *A & K v. Blankenship* the Court of Appeals placed the liability for interest due on benefits accrued at the time of the award entirely on the employer. However, in *Wells v. Moman,* a different panel of the court, in a conflicting opinion, held that the employer and Special Fund should each pay a proportionate share of interest on accrued benefits. We agree with the holding and analysis expressed in the *Blankenship* decision.

KRS 342.120 creates the Special Fund for the purpose of relieving the employer of liability for the proportion of employee disability which is attributable to a pre-existing dormant non-disabling disease or condition. The employer therefore is liable only for the degree of disability resulting from the work-related injury or disease. Before July 15, 1982, the method for paying a Workers' Compensation Board award was for the employer to pay the entire award, and for the Special Fund to then reimburse the employer quarterly for the Fund's share of the payments. As of July 15, 1982 Sections 4 and 5 of KRS 342.120 were amended. Under the amended statute, the reimbursement scheme was discarded for a more simplified one in which the employer is required to make payments to the employee until its liability for the extent of disability not attributable to a pre-existing disease or condition is discharged. The Special Fund is to then pay the balance of the award until its apportioned liability has been discharged.

KRS 342.040 provides that compensation shall be payable with interest "on each installment from the time it is due until paid"; however, the language in neither the amended form of KRS 342.120 nor its predecessor provides for the apportionment of interest on benefits accrued before the time of the award.

In the *Wells v. Moman* case, the Court of Appeals held that the 1982 amendments serve only to alter the method of payment and not to alter the joint responsibility of the employer and the Special Fund for the interest on past-due benefits which has accrued during the delay which occurs prior to an award. We disagree.

Rather, we are of the opinion that the decision of the Court of Appeals in *Wells v. Blankenship* is correct in its observation that since the employer is obligated under KRS 342.120(4) to first pay its proportion of the award, then it likewise should be responsible for interest accrued on benefits not paid to the employee as a result of the delay which occurs during the fact-finding period which precedes a final award.

Because the employer must first discharge its obligation to the claimant under KRS 342.120, any delay caused by the litigation postpones the payments which it would have been making but for the litigation. Consequently, only the employer benefits from the use of the money during the period of non-payment for which it is liable. Since the liability of the Special Fund does not arise until the liability of the employer

has been discharged, it gains no benefit from the delay that it would not otherwise have had. This is true except where the date has already passed when the liability of the employer would have been discharged and the liability of the Special Fund commenced. In such a case, the Special Fund would be liable for interest on payments which it should and would have been paying but for the delay caused by the litigation.

Therefore, we conclude that since the employer bears the sole responsibility for the initial payments of an award under KRS 342.120, it is likewise responsible for payment of interest on its obligations to the claimant which have been postponed by the litigation process.

■ The second issue before us involves the question of whether attorneys' fees commuted from the final payments of compensation payable from the award are the sole responsibility of the Special Fund or the joint responsibility of the Special Fund and the employer. We are of the opinion that the Special Fund and the employer bear joint responsibility for the payment of attorneys' fees.

The underlying purpose of KRS 342.320 is to accelerate so many of the final payments of an award as are necessary to presently satisfy the full amount of the claimant's attorney's fee. The rationale for accelerating those payments was clearly set forth by Justice Lukowsky in *Livingston County Farm Supply v. Spencer*, Ky., 593 S.W.2d 76 at 78 (1979), as follows:

> When the attorney's fee is approved, the future payments required to pay the fee are precipitated and vest as a present right in the claimant so that he may meet his obligations to his counsel in the case. The legislature created an indefinite award but has provided a means by which a portion may be made finite and to accelerate its payment.

Since the sole purpose of the statute is to benefit *the claimant* in allowing him to satisfy his present debt to his attorney for representation in the case, we find it anomalous to saddle either the Special Fund or the employer with the sole responsibility for payment of that fee. We conclude therefore that the attorney's fee is the joint responsibility of the Special Fund and the employer in such a case and that they should pay a portion of the fee in relation to their respective responsibility for the employee's disability. The mechanism for crediting the respective parties for payment of attorney's fees and maintaining continuity of payment to the claimant shall be made pursuant to 803 KAR 25:070.

The decision of the Court of Appeals in *A & K Coal Co. v. Jessie Blankenship*, is affirmed. The decision of the Court of Appeals in the case of *Wells v. Moman*, is reversed. The judgment of the Floyd Circuit Court in *Wells v. Kimbler* is reversed. The judgment of the Floyd Circuit Court in *Little Elkhorn Coal v. Richard Kimbler*, is affirmed.

STEPHENS, C.J., and LEIBSON, WHITE and WINTERSHEIMER, JJ., concur.

VANCE, J., files a dissenting opinion in which STEPHENSON and GANT, JJ., join.

VANCE, Justice, dissenting.

I respectfully dissent to that part of the opinion which holds that the attorney's fee is a joint responsibility of the employer and the Special Fund. The statutory scheme now in effect is that the employer pays the entire amount of weekly payments until his total payments equal his total liability under the award. Thereafter, the Special Fund pays the entire amount of the remaining weeks of the award. K.R.S. 342.120(4), (5).

K.R.S. 342.320 provides:

"... The entire attorney's fee in a lump sum shall be paid directly to the attorney of record, and the board in allowing or approving an attorney's fee, as provided in this section, shall order the payment of same directly to the attorney, *commuting sufficient of the final payments of compensation payable under the award*

*to a lump sum for that purpose."* (Emphasis added.)

The final payments under the award in this case are the payments to be made by the Special Fund. The plain direction of the statute is that a sufficient number of these final payments be commuted in order to pay the attorney's fee in a lump sum.

The fee is not paid by either the employer or the Special Fund but out of funds that would otherwise go to the claimant. Since the fee is to be paid by reducing the number of weekly payments the claimant will receive, it would seem to matter little whether the commuted payments come from those to be paid by the employer or the Special Fund.

I see no reason, therefore, not to pay the attorney's fee by commuting the final payments of the award as the statute prescribes.

GANT and STEPHENSON, JJ., join in this dissent.