TRIANGLE INSULATION AND SHEET METAL COMPANY, a DIVISION OF TRIANGLE ENTERPRISES, INC., Appellant,

v.

Laverne STRATEMEYER, James A. Harris, Jr., Workers' Compensation Board and Special Fund, Appellees.

No. 89–SC–138–DG.

Supreme Court of Kentucky.

Jan. 18, 1990.

Thomas L. Ferreri, Ferreri & Fogle, Lexington, for appellant.

James A. Harris, Jr., Paducah, Cathy Utley Costelle, Steven A. Burnham, Louisville, for appellees.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed a judgment by the circuit court. The circuit court had determined that dollar for dollar credit for overpayment of voluntary benefits may be taken by an employer when future benefits are not affected.

The issue is whether an employer gets credit on a dollar for dollar basis or on a week by week basis when the employer makes voluntary payments which are higher than the eventual actual award.

Stratemeyer was injured on December 21, 1983. Voluntary benefits were paid by the employer at the rate of $240.12 per week from December 21, 1983 through November 26, 1984. Those benefits were terminated because Stratemeyer had reached maximum medical improvement and could return to light duty work. The employee filed a claim for Workers' Compensation in January 1985. The Workers' Compensation Board determined that he was temporarily totally disabled for the period from December 21, 1983 through September 25, 1984, and awarded benefits of $240.12 per week. Thereafter, he was found to be 38 percent permanently partially occupationally disabled, and the employer was found

liable for 28 percent and the Special Fund liable for the remaining 10 percent. The employee was awarded $79.14 per week for 425 weeks beginning September 25, 1984. The employer made voluntary payments for an additional 8.86 weeks. The problem is that the employer had been voluntarily paying the sum of $240.12 per week for those weeks while the actual award was only $79.14. The award of the Board included a provision that the employer shall take credit for any payments of compensation previously made.

The employer argues that a dollar for dollar credit should be permitted because only past due, not future, benefits were affected. The employee contends that the credit should be restricted to a week for week basis. The Court of Appeals held that a week by week credit was the proper one citing *General Electric Co. v. Morris*, Ky., 670 S.W.2d 854 (1984). In this situation, we do not agree.

*Morris, supra,* is factually distinguishable from this case. The rationale supporting the conclusion and holding in Morris was concerned with the effects on the employee's future benefits. The primary concern of the majority in *Morris* was the effect on the employee of the loss of future payments. If the employer were to receive credit on a dollar for dollar basis, the sum of the future weekly benefits to be paid to the employee could be diminished, with the employee being deprived of many future periodic payments. This Court recognized that not allowing a full credit could inhibit prompt issuance of voluntary compensation benefits in other cases, but in *Morris* allowed the employer to take credit for overpayment of voluntary benefits on a week by week basis.

The rationale in *Western Casualty and Surety v. Adkins*, Ky.App., 619 S.W.2d 502 (1981) recognized that it would be counter productive to penalize an employer who voluntarily paid weekly benefits to an injured employee in excess of the ultimate liability and could result in discouraging such voluntary payments which would be detrimental to the injured employee in the long run. In *Adkins*, the employer was entitled to credit against the final award for the entire amount of the voluntary pay-

ments. The fact that in *Adkins, supra,* the award was an open ended total disability does not contradict this situation which involves future periodic benefits.

*W.T. Sistrunk & Company v. Kells,* Ky. App., 706 S.W.2d 417 (1986) struck down a dollar for dollar credit where the overpayment by the employer consumed all of the future benefits to which the employee was entitled.

The two methods of computing credit are not mutually exclusive. It is important to encourage employers to make voluntary payments to injured employees. Employers are not obligated to pay benefits until a claim has been litigated and an award entered. Such payments are voluntary. The circumstances involved in each specific case must be carefully evaluated so that the employee is not unduly harmed and the employer is encouraged to make voluntary payments. *Cf. Adkins.*

A rigid limitation on the method of credit by an employer works an ultimate disservice to an employee. There is a considerable social and economic benefit to an employee who obtains voluntary income benefits in the initial stages of an injury. When a dispute arises and an application is filed, the rights of both parties can be adjudicated. An employee who has received an overpayment of income benefits should not be deprived of future income as a result of any such overpayment. However, an overpayment which can be credited fully against a past due amount without affecting future benefits is within the purview of the statutes.

It is the holding of the Court that when a claimant's future benefits are not affected, the employer shall be allowed a full dollar for dollar credit on past benefits.

The decision of the Court of Appeals is reversed and the judgment of the circuit court is reinstated.

All concur except COMBS, J., who dissents.