**Cecil HATFIELD, Appellant,**

v.

**EASTERN COAL CORPORATION; Carol M. Palmore, Secretary of Labor Cabinet (Special Fund); and Workers' Compensation Board, Appellees.**

No. 89–CA–1367–WC.

Court of Appeals of Kentucky.

April 20, 1990.

---

Robert J. Greene, Kelsey E. Friend Law Firm, Pikeville, for appellant.

Paul E. Jones, William J. Baird, III, Baird & Baird, P.S.C., Pikeville, for appellee Eastern Coal Corp.

John E. Stephenson, Special Fund, Louisville, for Special Fund.

Before HAYES, MILLER and WILHOIT, JJ.

WILHOIT, Judge.

The issue presented by this appeal concerns the amount of credit allowed an employer for voluntary payments made under a sickness and accident plan. The "old" board found the appellant, Cecil Hatfield, to be 100% permanently occupationally disabled from pneumoconiosis and awarded him benefits of $322.19 a week for life. Pursuant to KRS 342.316, the board apportioned the award twenty-five percent to the appellee-employer Eastern Coal Corporation ($80.55 per week) and seventy-five percent to the Special Fund ($241.64 per week). As usual, the award allowed the employer to take credit for compensation payments previously made. For some period (undisclosed by the record), Eastern Coal had paid Mr. Hatfield $200 a week pursuant to a sickness and accident plan. In its final decision, the "old" board allowed Eastern Coal a week-for-week credit of $80.55. On appeal to the "new" Workers' Compensation Board, the employer was allowed a week-for-week credit of $200.

The appellant contends on appeal that the "new" board erroneously interpreted KRS 342.120(4). This statute was amended in 1982 to read in part as follows:

[T]he employer shall be liable for the payment of all income benefits until the benefits paid have reached a percentage of the full income benefits awarded by the board [now administrative law judge] which is equal to the percentage of disability which would have resulted from the latter injury or occupational disease had there been no pre-existing disability or dormant, but aroused disease or condition.

Under this statute, Eastern's liability is $322.19 a week for twenty-five percent of the appellant's life expectancy. Thereafter, the Special Fund would pay $322.19 a week for the remainder of the appellant's lifetime, or for so long as the appellant is disabled.

The appellant contends that Eastern should have been allowed only $80.55 weekly credit, and that a $200 weekly credit actually allowed the employer a dollar-for-dollar credit. Clearly, Eastern is entitled to a $200 weekly credit for past-due amounts. *See Triangle Insulation and Sheet Metal Co. v. Stratemeyer*, Ky., 782 S.W.2d 628 (1990). Furthermore, the "new" board correctly concluded that allowing the $200 week-for-week credit does not contravene *General Electric Co. v. Morris*, Ky., 670 S.W.2d 854 (1984), or *W.T. Sistrunk & Co. v. Kells*, Ky.App., 706 S.W.2d 417 (1986). The appellant will receive $322.19 per week for his lifetime or as long as he is disabled. In other words, the appellant will receive his periodic payments for the duration set by the board. *See Morris*, 670 S.W.2d at 856.

We are unpersuaded that by allowing a $200 week-for-week credit allows the Special Fund to take advantage of the sickness and accident plan funded by the employer. KRS 342.120(4) increased Eastern's liability to $322.19 per week for twenty-five percent of the appellant's life expectancy. *Cf. A & K Coal Co. v. Blankenship*, Ky., 708 S.W.2d 638, 640 (1986). (The court rejected the argument that the 1982 amendment to KRS 342.120(4) served only to alter payment and not the joint responsibility for interest on past-due payments between the Special Fund and the employer.)

The opinion of the "new" board is affirmed.

All concur.