**EPHRAIM McDOWELL REGIONAL MEDICAL CENTER, Appellant,**

v.

**Martha GRIGSBY and Workers' Compensation Board, Appellees.**

No. 92–CA–879–MR.

Court of Appeals of Kentucky.

June 4, 1993.

Case Ordered Published
by the Court of Appeals
Sept. 3, 1993.

**332**

David L. Murphy, Scott C. Wilhoit, Ward & Cave, Louisville, for appellant.

Deedra Benthall, Danville, for appellee.

Before JOHNSON, McDONALD and STUMBO, JJ.

McDONALD, Judge:

This is an appeal from a judgment in a proceeding to enforce an opinion and award of the Administrative Law Judge in a workers' compensation case. The critical language in that award states that "the defendant is to take credit for any payments of compensation heretofore made, including various disability payments provided to plaintiff under the employer's wholly funded program." No request for clarification of this portion of the order was made by either party, nor was any appeal prosecuted to the Workers' Compensation Board.

The workers' compensation carrier for the employer interpreted this language to afford it a dollar-for-dollar credit against the compensation due under the award. In the enforcement proceeding, the circuit judge re-

fused the allowance of any credit on the basis that the employer failed to prove the provisions of the plan either in the circuit court action or in the proceedings before the ALJ:

This court is unable to determine whether the Mutual Benefit disability policy is one that contractually provides allowance for offset against the benefits payable under the disability plan when Workers' Compensation benefits are also received by the claimant. This burden of proof is upon the respondent Travelers. Consequently the court will not give them credit as there is no proof in the record to support their contention that they should receive credits for these amounts. Respondent Travelers cannot sit idly and fail to provide appropriate information into the record to support its position and then attempt to reap the benefits of its inaction.

The employer in this Court insists that the circuit judge exceeded the authority granted him by KRS 342.305 in that his denial of the credit was in reality a relitigation of the right to the credit. We disagree.

The circuit judge merely enforced the plain language of the award according to the proof. As there was no proof as to the specific terms of the disability plan in question, most notably whether it contained its own internal offset provision, there was simply a total failure of proof as to the employer's right to the credit. Entitlement to this credit is not subject of conjecture, but is a matter which the employer has the burden of proving. We find little to distinguish this case from *Palmore v. Swiney*, Ky.App., 807 S.W.2d 950, 953 (1990), which uses the following rationale in interpreting the authority of the circuit court under KRS 342.305:

In this case, the Pike Circuit Court, pursuant to KRS 342.305, was called upon to enforce the 1978 order awarding Swiney compensation. No provision was made in that order concerning the length of time the payments were to be made. It was up to the Pike Circuit Court to consider the entire case in determining how to enforce the order. The 1978 order was the primary order to be enforced, not later clarification statements made by the Board to explain absences in the 1978 order.

Two cases decided by this Court support the contention that the Pike Circuit Court did have the authority to decide this case the way it did. In *W.T. Sistrunk & Company v. Kells*, Ky.App., 706 S.W.2d 417 (1986), the appellants likewise claimed that a circuit court did not have the authority to interpret the language of an award when the action was brought pursuant to KRS 342.305. They claimed that the court was required to enforce the award exactly as written. In rejecting the argument, this Court wrote, "... the legal significance of language in an administrative order is always subject to interpretation by a reviewing court, which must enforce such orders according to existing law." *W.T. Sistrunk & Co., supra,* at 418. Additionally, any legal errors in an administrative order may always be corrected by a reviewing court. A reviewing court has the power to interpret the order's language according to prevailing law, and to correct any legal errors. *W.T. Sistrunk & Co., supra,* at 419.

The refusal of the circuit judge to enforce a credit about which there was a failure of proof was, in our view, entirely consistent with the holding in *Swiney, supra.*

The judgment of the Boyle Circuit Court is affirmed.

All concur.