**AMERICAN STANDARD, Appellant,**

v.

**Kevin Wayne STINSON, Robert L. Whittaker, Acting Director of Special Fund (Successor to Vicki G. Newberg), Workers' Compensation Board, Appellee.**

No. 94-SC-297-WC.

Supreme Court of Kentucky.

Sept. 1, 1994.

As Modified and Ordered Published Nov. 2, 1994.

James G. Fogle, C. Patrick Fulton, William A. Miller, Sr., Ferreri & Fogle, Louisville, for appellant.

Gary S. Logsdon, Brownsville, Mark C. Webster, Appellate Atty., Labor Cabinet–Special Fund, Louisville, for appellees.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed an opinion of the Workers' Compensation Board which had sustained a decision by the Administrative Law Judge in which he refused to accelerate the liability of the Special Fund after giving credit to American Standard for future payments to be made pursuant to the employer's disability pension plan and in which he found Stinson to be 100 percent occupationally disabled.

The questions presented are whether when there is a credit for an employer-funded disability plan which exceeds the amount of the weekly workers' compensation liability benefits for the entire period of the employer's weekly liability, the employer can be required in addition to pay the liability of the Special Fund for one-half of the compensable period, and whether the award of 100 percent occupational disability was supported by substantial evidence.

Stinson, while in the course of his employment, injured his right wrist, fracturing the scaphoid bone. He underwent first a partial fusion of the right wrist, then later a total fusion of the right wrist and finally a right thumb arthroplasty. He has not returned to work since that time. Stinson had a prior injury to his back in 1978 for which he received a settlement based on 24.56 percent disability to the body as a whole. He currently receives social security benefits and $650 per month from the company-funded pension plan. The evidence indicated that American Standard fully funded a disability pension plan for which Stinson was qualified to receive lifetime benefits of $150 per week.

The Administrative Law Judge found Stinson to be suffering from 100 percent occupational disability, attributing 24.56 percent of his disability to his 1978 injury. Stinson was awarded $240.06 apportioned equally between American Standard and the Special Fund. The ALJ allowed a credit of $150 per week which Stinson receives as a result of the employer-funded pension plan. Stinson did not appeal from the application of the credit by the ALJ. He did appeal the decision of the Workers' Compensation Board and the Court of Appeals unsuccessfully. This appeal followed.

American Standard, the employer, argues that because it has been given credit for the pension payments which exceed the weekly amount that Stinson receives under the award, its liability is extinguished and the liability of the Special Fund is accelerated. We disagree.

 Pursuant to KRS 342.120(7), the liability of the Special Fund is not simultaneous with that of the employer. The current statutory system requires the employer to pay all of its liability first and then the Special Fund pays its share last. *Hatfield v. Eastern Coal Corp.*, Ky.App., 787 S.W.2d 274 (1990). The liability of the Special Fund is not due until the second-half of Stinson's life expectancy and American Standard is responsible for making payments during the first-half of his life expectancy in the amount of $243.06, $122.53 representing its present liability and the remaining $122.53 representing its future liability. There is no provision in the statute for the acceleration of the liability of the Special Fund when an employer is given credit for future disability pension payments.

The argument by American Standard that the payments from the disability pension fund are the equivalent of a settlement between the employer and the employee, and that consequently, the liability of the Special Fund is accelerated pursuant to *Palmore v. Helton,* Ky., 779 S.W.2d 196 (1989) is without merit. The problem with such a contention is that the voluntary establishment of a disability pension plan is not a settlement of a workers' compensation claim, but is only an employee benefit which does not extinguish a legitimate workers' compensation claim.

Although it is true that the benefits cover the employee in the event of a disability, such a pension plan is only an agreement to pay a certain amount of money on specified conditions. A lump-sum settlement made prior to a hearing and award in a workers' compensation claim is authorized by KRS 342.265, and when commuted to a lump sum, does accelerate the liability of the special fund. The liability of the employer is extinguished because nothing remains to be paid. However, in this case, the liability of the employer under the pension plan is separate and there is no independent contractual obligation from that under the workers' compensation award. It has not made full payment of its obligation under the award and KRS 342.120(7).

Reliance by American Standard on *American Standard v. Boyd,* Ky., 873 S.W.2d 822 (1994), is unconvincing. If a party to a workers' compensation claim desires certain provisions in the award, it is the responsibility of that party to present evidence in support of his position. In this situation, American Standard failed to present such evidence.

American Standard also claims that the award of the ALJ of 100 percent occupational disability benefits is not supported by substantial evidence. We again disagree because a careful review of the evidence in the record indicates otherwise. The ALJ used the rationale of *Teledyne–Wirz v. Willhite,* Ky.App., 710 S.W.2d 858 (1986) and awarded total disability. He properly separated the prior work-related disability of 24.56 percent pursuant to *Parson v. Union Underwear Co.,* Ky.App., 758 S.W.2d 43 (1988), even though that opinion has been partially overruled on other grounds by *Beale v. Faultless Hardware,* Ky., 837 S.W.2d 893 (1992). Considering the record and evidence as a whole, the finding of total disability was based on substantial evidence. *Paramount Foods, Inc. v. Burkhardt,* Ky., 695 S.W.2d 418 (1985).

The decision of the Court of Appeals is affirmed.

All concur.