**David MELTON, Appellant,**

**v.**

**GENERAL TIRE, INC.; Robert L. Whittaker, Acting Director of Special Fund; Hon. Thomas A. Nanney, Administrative Law Judge; and Workers' Compensation Fund, Appellees.**

No. 94–CA–001658–WC.

Court of Appeals of Kentucky.

July 14, 1995.

Karen Alderdice, James W. Owens, Chartered, Paducah, for appellant.

S. Boyd Neely, Jr., Neely & Brien, Mayfield, for appellee, General Tire, Inc.

Angeline B. Golden, Louisville, for appellee, Sp. Fund.

Before LESTER, C.J., and HUDDLESTON and JOHNSON, JJ.

### OPINION

JOHNSON, Judge:

David Melton (Melton) petitions for review of an opinion by the Workers' Compensation Board (Board) which affirmed a decision of the Administrative Law Judge (ALJ) wherein Melton was found to be totally occupationally disabled with 80% of that disability being prior active and noncompensable. We affirm.

The facts are undisputed. Melton filed a claim for a February 11, 1991 injury to his lower back and right leg. He had suffered two previous work-related lower back injuries in 1979 and 1983. Following the 1979 injury, Melton filed a claim which resulted in a finding of 100% occupational disability. Subsequently, Melton returned to work and his award was reduced to 30%. Following his 1983 accident and lower back injury, Melton filed a new claim and was found to have an 80% occupational disability, 50% apportioned to the 1983 injury and 30% found pre-existing and active from the 1979 injury. From the date of the 1979 injury through the date of the award for the 1983 injury, Melton underwent five surgeries to his lower back. The 1991 injury which is the subject matter of this appeal required no surgery but did culminate in a finding by the ALJ that Melton is now 100% disabled, with 80% considered pre-existing and active and the remaining 20% apportioned equally between the employer and the Special Fund. The finding of pre-existing active disability was based upon evidence of record indicating that between 1986 and 1991, Melton continued to have significant back problems. Medical opinion evidence, however, indicated the 1991 accident to have created a new injury for which additional benefits could be awarded.

Melton now takes exception to the finding that the 80% pre-existing active condition is noncompensable. Specifically, he argues that while it is appropriate for the compensable disability under the new award to be reduced by 30% due to lifetime benefits from the old 30% award he continues to receive, it is inappropriate for the present award to be reduced by 80% as the old 50% award payable for 425 weeks was exhausted prior to the commencement of total disability. Melton cites us no authority for this proposition, and our own research for supportive precedent has been in vain. The most important finding here was that the 1991 occurrence was a distinct injury and not a worsening of a prior condition. "In the case of a subsequent injury, the test for determining whether a claimant suffers from an active disability is how much, if any, occupational disability [is] evidenced immediately before the subsequent injury." *Newberg v. Davis*, Ky., 841 S.W.2d 164, 166 (1992); *Griffin v. Booth Memorial Hospital*, Ky., 467 S.W.2d 789, 790 (1971). The reported decisions do not indicate that the lapse of an award for an earlier work-related injury prior to the occurrence of the most recent injury has any bearing on the compensability of the most recent injury. The finder of fact is required to determine the active occupational disability that a claimant evidences immediately prior to the latest compensable injury, whether work related or not, and must exclude any active disability so found as noncompensable. *See American Standard v. Stinson*, Ky., 888 S.W.2d 330, 331 (1994), *citing Parson v. Union Underwear Co.*, Ky. App., 758 S.W.2d 43 (1988), *overruled on other grounds by, Beale v. Faultless Hardware*, Ky., 837 S.W.2d 893 (1992). Any change to be made in the controlling precedent is a matter for the Legislature or the Supreme Court and beyond this Court's authority. Here, the ALJ acted properly in reducing Melton's award by 80%. We note that Melton has not disputed the finding of 80% pre-existing active disability, only the impact of such a finding on the amount of his award. As we have found against the claimant on the sole issue presented within his petition for review, the opinion of the Board is affirmed.

All concur.