HUSTON BARGER MASONRY/KY AS-
SOCIATED GENERAL CONTRAC-
TORS, Appellant,

v.

Terry FARRIS; Ray and Naomi Farris,
Court Appointed Guardians; Hon.
George S. Schuhmann, Administrative
Law Judge and Workers' Compensation
Board, Appellees.

No. 95–CA–1503–WC.

Court of Appeals of Kentucky.

March 22, 1996.

As Modified April 5, 1996.

Rehearing Denied May 17, 1996.

Mark D. Knight, Somerset, for Appellant.

Howard Oliver Mann, Corbin, for Appel-
lees, Terry Farris and Ray and Naomi Far-
ris, Court Appointed Guardians.

Before LESTER, C.J., and COMBS and
JOHNSON, JJ.

LESTER, Chief Judge:

This is a petition for review from an opin-
ion of the Workers' Compensation Board
("Board"), affirming a decision of the Admin-
istrative Law Judge ("ALJ"), overruling the
employer's motion to be granted credit
against future medical expenses incurred by
the employee for interest received on
amounts that duplicate compensation which
were part of a settlement between the em-
ployee and a third-party tort-feasor. The
employer argues that the Board and the ALJ
erred in finding it was not entitled to the
interest on its credit. We disagree and af-
firm.

Terry Farris ("Farris") was injured on
July 3, 1985 in a motor vehicle accident in the
course and scope of his employment. He has
been in a coma since that time, and an opin-
ion and award by the Department of Work-
ers' Claims was rendered on May 18, 1987,
finding him 100% occupationally disabled.
Farris, through his guardians, Ray and Nao-
mi Farris, also pursued a claim against the
Nissan Motor Company ("Nissan") in which
a settlement was reached in the amount of
$3,500,000.00. The net proceeds to Farris,
after deduction of attorney fees and ex-
penses, amounted to $1,941,058.00. Of that
amount, it was agreed between Nissan and
the employer, Huston Barger, that under
KRS 342.700(1), Huston Barger was entitled
to a credit of $1,025,988.00 for duplication of
amounts recovered which were attributable
to past and future medical expenses, lost
wages and future impairment of earning ca-
pacity. The agreement reserved an issue to
be determined by the Department of Work-
ers' Claims which is stated as follows:

> [Huston Barger] contends that any inter-
> est earned on the net sums allocated to:
> (a) lost income, (b) destruction of earning
> power, and (c) past and future medical and
> health care expenses should be added to

credits it should receive. Farris does not agree. Nothing herein shall preclude either party from pursuing a determination of this issue before the Department of Workers' Claims.

Huston Barger claimed they were entitled to the interest earned on the total amount for which they already received a credit because allowing a worker to keep said interest would constitute a double recovery for the employee in violation of KRS 342.700. The ALJ did not agree and ruled that Huston Barger was not entitled to the interest on the settlement proceeds representing its credit. The Board affirmed that decision and this petition for review followed.

The issue raised by the employer as to whether it is entitled to interest on a credit is one of first impression. The controlling statute regarding third-party liability and subrogation rights is KRS 342.700. KRS 342.700(1) provides in pertinent part:

> Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages, the injured employee may either claim compensation or proceed at law by civil action against the other person to recover damages, or proceed both against the employer for compensation and the other person to recover damages, but he shall not collect from both. If the injured employee elects to proceed at law by civil action against the other person to recover damages, he shall give due and timely notice to the employer and the special fund of the filing of the action. If compensation is awarded under this chapter, the employer, his insurance carrier, the special fund, and the uninsured employer's fund, or any of them, having paid the compensation or having become liable therefor, may recover in his or its own name or that of the injured employee from the other person in whom legal liability for damages exists, not to exceed the indemnity paid and payable to the injured employee, less the employee's legal fees and expense.

We believe Huston Barger's contention that allowing Farris to retain the interest on his recovery from Nissan would amount to a double recovery for Farris is without merit. As noted by the Board, interest received by Farris on his settlement is not funds recovered or "collected" from Huston Barger or Nissan. Also, the provision in KRS 342.700(1) stating that recovery by the employer is "not to exceed the indemnity paid and payable to the injured employee" would indicate that interest is not recoverable by the employer as it is not part of the indemnity paid to the employee, but rather would be an amount in excess of that recovered. Finally, KRS 342.700(1) states that the employer may recover from the other person in whom legal liability for damages exists rather than from the injured employee. If the employer was allowed to recover interest on its credit, it would, in essence, be recovering from the employee rather than the tort-feasor.

The cases cited by Huston Barger from other jurisdictions regarding whether interest should be included in the credit allowed an employer against a recovery from a third-party tort-feasor turned on statutory interpretation. We could find no such statutory authority in Kentucky. In fact, it has been held in the context of credit for voluntary overpayments of disability benefits, the employer receives, at most, dollar-for-dollar credit. *Triangle Insulation v. Stratemeyer*, Ky., 782 S.W.2d 628 (1990).

We would point out the practical problems with awarding an employer interest on a credit, which funds are lawfully in possession of the employee. Such a ruling would, in effect, force the employee to invest said funds to obtain a certain rate of interest when those funds are legally his. Also, who would pay the tax on that interest?

Finally, we do not see how Huston Barger can logically or equitably claim that the employee is getting a double recovery by keeping the interest and thus it should be entitled to the interest on the credit. Since the employer does not have to pay the money or hold a reserve to pay the employee for future benefits, by virtue of the credit from Nissan, the *employer* actually gets to keep that money and earn the interest on it.

For the reasons stated above, the opinion of the Workers' Compensation Board is affirmed.

All concur.