## American Tobacco Company v. Grider et al.

(Decided March 18, 1932.)

88

HUMPHREY, CRAWFORD & MIDDLETON for appellant.

JOSEPH M. LEE for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

Scott Grider was an employee of the American Tobacco Company. Both of them had accepted the provisions of the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.). In October, 1928, Grider received an injury in the course of his employment necessitating the amputation of the lower third of his right arm. He filed an application before the board for compensation for this injury. The company had adopted the five days a week basis. Grider was working for $3 a day and received $15 a week. The board fixed his wages for full time at $18 a week and made his compensation on this basis. The company appealed to the circuit court, which affirmed the action of the board, and from this judgment the appeal before us is prosecuted.

The appellant insists that as it was working on a five days a week basis, appellee's wages should have been fixed at $15 a week and not at $18. Section 4905, Kentucky Statutes, provides:

"Compensation shall be computed at the average weekly wage earned by employee at time of injury, reckoning wages as earned while working at full time."

In Beaver Dam Coal Co. v. Hocker, 202 Ky. 398, 259 S. W. 1010, 1011, it appeared that the company did not run the year around, and it insisted that compensation should only be allowed for such time as the company in fact operated. Rejecting this contention, the court said:

"If only the employee's average weekly wage were to be controlling, there would have been no necessity for adding the words, 'reckoning wages as earned while working at full time.' One who works only part of a day, or only two or three days out of a week, or only a few weeks out of the year, cannot be said to be working at full time. We therefore conclude that the words 'at full time' necessa-

rily mean a full working day for six days in every week of the year.''

The same question upon a like state of facts was before the court in Chatfield v. Jellico Coal Mining Co., 205 Ky. 415, 265 S. W. 943, 944, and the court, after quoting the statute and referring to the previous opinion, said this:

''Construing this provision of the act, we have held that 'the words ''at full time'' necessarily mean a full working day for six days in every week of the year,' regardless of whether the injured employee actually worked for all or part of the time.''

Appellant earnestly insists that this rule should not be applied where the company is operating on a five days a week system, and this is the only question presented on the appeal. Although appellant had been working on the five days a week system, it might at any future time work six days in the week. If appellee had not been injured, he might, the next day, have gone to work for some one and worked six days in the week. The purpose of the statute was to protect the injured employee and his family in case his power to labor was injured. The statute must be liberally construed to carry into effect its purpose. The court is not at liberty to write into the statute an exception it does not contain, and it must be enforced according to the natural meaning of the words used. The cases relied upon by appellant from other jurisdictions do not rest on a statute containing the words, ''reckoning wages as earned while working at full time.''

Judgment affirmed.