## Chickasaw Wood Products Co. v. Babbs et al.

October 20, 1944.

Robert M. Nelson, Graham Moore and E. M. Nichols for appellant.

L. B. Weir for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CAMMACK —Affirming.

Frank Babbs, the husband of Hilda Babbs, was killed in 1942, while working for the appellant. Compen-

sation was allowed the widow at the rate of $10.92 a week for not more than 400 weeks. In contesting the award the appellant insists (1) Hilda Babbs voluntarily abandoned her husband; (2) the evidence does not show that Babbs had accepted the provisions of the Workmen's Compensation Act; and (3) incompetent evidence was admitted.

Frank and Hilda were married in Michigan. They came to Western Kentucky, where they lived with some of his relatives. Because of ill health, pregnancy and the climate, Mrs. Babbs returned to Michigan. There was testimony showing that letters passed between the couple. Mrs. Babbs said she had her things packed ready to come to Kentucky the day she learned of her husband's death. Just a few days prior to that date, Babbs had rented a house and had made arrangements with a trucker to bring his wife and child and their belongings to Kentucky. There was testimony showing that on two occasions Babbs sent money to his wife, though she said she did not receive it. The day Babbs was buried an attorney for the appellant took a statement from her wherein she said: "The reason I left Frank and went back to Michigan was because the climate down here didn't agree with me, and I also wanted to be with my people, so Frank paid my way and sent me back." The appellant insists that statement shows clearly Mrs. Babbs intended to abandon her husband, but the reading of the entire statement, and particularly the sentence following the one just quoted shows otherwise. Mrs. Babbs said: "My understanding was that he was going to work and make some money and come back to Michigan, or would send money for me to come back." We are in full accord with the opinion of the chancellor that the Board was justified in finding Mrs. Babbs had not abandoned her husband.

The appellant was working under the Compensation Act, but the register which Babbs was supposed to have signed could not be located. It was shown, however, that the appellant required all of its employees to accept the Act, and, indeed, made such acceptance a prerequisite to employment. The Company reported to its insurance carrier that it was working 93 men and it paid insurance on that number. There would have been only 92 employees if Babbs had not been covered by the Act. One witness testified he saw Babbs sign the register. We have frequently pointed out that it is the duty of the

employer to keep complete compensation records on its employees. Such records are in the custody of the employer, and it would be an easy matter to defeat an employee's claim on the ground he had not signed the register by merely saying the records were lost. There is ample evidence in this case to support the finding of the Board to the effect that Babbs had accepted the provisions of the Workmen's Compensation Act. Blue Diamond Coal Co. v. Sizemore, 254 Ky. 102, 71 S. W. 2d 11.

Probably some of Mrs. Babbs' testimony relating to statements made by her husband, and the contents of letters which she said she received from him, but could not locate, was incompetent, but we are of the view there was ample evidence to support the findings of the Board without considering any of these statements.

Reference is made to the compensation allowed, and it is said that the amount exceeds the weekly earnings of Babbs for several months prior to his death. He was working at the rate of 30 cents an hour, and the computation appears to have been made in compliance with KRS 342.140. This section directs that compensation shall be computed at the average wage earned by the employee at the time of his injury by reckoning wages as earned while working at full time. See Black Mountain Corporation v. Adkins, 280 Ky. 617, 133 S. W. 2d 900.

Judgment affirmed.