**Bob CANTRELL, d/b/a Bob Cantrell
Coal Company, Appellant,**

v.

**Gordon Ray STAMBAUGH et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 10, 1967.

David O. Welch, Dysard, Johnson & Welch, Ashland, J. K. Wells, Paintsville, for appellant.

G. C. Perry, III, Paintsville, Robert Matthews, Atty. Gen., Frankfort, for appellees.

DAVIS, Commissioner.

The narrow question presented in this workmen's compensation proceeding is whether the correct formula has been applied in determining the average weekly wage of the injured employee. The Workmen's Compensation Board found that the average weekly wage of appellee Stambaugh was $50.00. The circuit court concluded that the average weekly wage was more than $50.00 and sufficient to entitle Stambaugh to maximum benefits prescribed in KRS Chapter 342. We granted appeal pursuant to proper motion. RCA 1.180.

The injury upon which the award of compensation is based occurred on February 28, 1964. At that time KRS 342.140 (1) provided as follows:

"Compensation shall be computed at the average weekly wage earned by the employee at the time of injury reckoning wages as earned while working at full time. 'At full time' as used herein means a full working day for five days in every week of the year regardless of whether the injured employee actually worked all or part of the time. If the employee

shall not have been employed a sufficient length of time to establish an average weekly wage then compensation shall be based upon the average weekly wage as herein defined of these employees of the same employer in the same or most similar type of employment."

It was shown that Stambaugh actually worked for a wage of $10.00 per day with time and a half allowed for work in excess of five days per week. It is the contention of Stambaugh that his average weekly wage was $65.00, not $50.00, and that the circuit court was correct in remanding the matter to the Board for appropriate upward amendment of the award.

The parties have cited cases determined by this court prior to any statutory definition of "full time" in an interesting recital of the development of the law touching the point at issue. See Beaver Dam Coal Co. v. Hocker, 202 Ky. 398, 259 S.W. 1010; Chatfield v. Jellico Coal Mining Co., 205 Ky. 415, 265 S.W. 943; American Tobacco Co. v. Grider, 243 Ky. 87, 47 S.W.2d 735; Lexington Mining Co. v. Richardson, 286 Ky. 418, 150 S.W.2d 889; Chickasaw Wood Products Co. v. Babbs, 298 Ky. 409, 182 S.W.2d 953. An examination of those authorities discloses that the average daily wage of an injured employee was determined from the best evidence available, and the basic weekly wage was computed by multiplying the average daily wage by six. In 1946 KRS 342.140 was amended, and by the amendment "at full time" was specifically defined as meaning a "full working day for five days in every week of the year regardless of whether the injured employee actually worked all or part of the time." Following that enactment we have adhered to the statutory mandate and applied the rule therein enunciated. Green Val. Coal Co. v. Carpenter, Ky., 397 S.W. 2d 134; Clay Coal Corp. v. Abner, Ky., 401 S.W.2d 56. As we read KRS 342.140(1) as it existed in 1964, it fixed the average weekly wage as if the employee had been working five full working days per week

without regard to whether the employee actually had so worked. This was the same principle which had been recognized in decisions prior to 1946. See Lexington Mining Co. v. Richardson, 286 Ky. 418, 150 S.W.2d 889. The interpretation of the statute before and after 1946 gave the "break" to the employee who had not worked full time but placed a ceiling on the average weekly wage, which was unaffected in instances where the employee worked more than full time as defined in the·cases and later by statute. Simply put, we regard KRS 342.-140(1) as an effective, maximum limit in computing applicable awards under KRS Chapter 342.

Appellee Stambaugh urges that we should regard KRS 342.140 as procedural rather than substantive. In this connection it is noted that the statute was substantially amended in 1964, the amendment taking effect August 1, 1964, and after the date of the injury involved in this case. It should be observed that KRS 342.143 also came into force August 1, 1964, and appears to inject elements of flexibility and uniformity not heretofore contained in KRS Chapter 342. The appellee Stambaugh does not quarrel with the proposition that the maximum award base is a matter of substance and not one of procedure, and thus governed by the statutes in effect at the time of the accident. Cf. Collier v. Hope Coal Co., Ky., 269 S.W.2d 278; Beth-Elkhorn Corp. v. Thomas, Ky., 404 S.W.2d 16. However, he takes the view that nothing could be more procedural than the method of computing the average weekly wage. No authority for that proposition is furnished to us, nor have we discovered any. We believe that the fixing of the maximum award pursuant to a statutorily defined, average weekly wage is a matter of substance and not one of procedure. Beth-Elkhorn Corp. v. Thomas, supra. We express no view as to what effect existing KRS 342.140 and 342.143 would have if the injury in this case had occurred after August 1, 1964, since that is not the factual situation before us.

The judgment is reversed with directions to enter a new judgment affirming the award as fixed by the Workmen's Compensation Board.

WILLIAMS, C. J., and EDWARD P. HILL, MILLIKEN, MONTGOMERY, PALMORE, and STEINFELD, JJ., concur.

OSBORNE, J., not sitting.