Jular Ray COLLINS, Appellant,

v.

CUMBERLAND GAP PROVISION COMPANY, INC.; John Calhoun Wells, Secretary of Labor, Custodian of the Special Fund, an Agency of the Commonwealth of Kentucky; Ideal Mutual Insurance Company; Kentucky Insurance Guaranty Association, an Agency of the Commonwealth of Kentucky; and Workers' Compensation Board, Department of Labor, an Agency of the Commonwealth of Kentucky, Appellees.

and

CUMBERLAND GAP PROVISION COMPANY, INC., and Kentucky Insurance Guaranty Association, an Agency of the Commonwealth of Kentucky, Cross–Appellants,

v.

Jular Ray COLLINS; John Calhoun Wells, Secretary of Labor, Custodian of the Special Fund, an Agency of the Commonwealth of Kentucky; Ideal Mutual Insurance Company; and Workers Compensation Board, Department of Labor, an Agency of the Commonwealth of Kentucky, Cross–Appellees.

Nos. 87–CA–235–MR, 87–CA–426–MR.

Court of Appeals of Kentucky.

May 6, 1988.

Case Ordered Published by Court of Appeals July 1, 1988.

Discretionary Review Denied by Supreme Court Aug. 30, 1988.

William A. Watson, P.S.C., Middlesboro, for appellant and cross-appellee Jular Ray Collins.

James R. Golden, Denham and Nagle, Middlesboro, William A. Rice, Rice, Huff & Hendrickson, Harlan, for appellees and cross-appellants Cumberland Gap Provision Co.

John E. Stephenson, Labor Cabinet, Louisville, for appellee Special Fund.

William P. Swain, Larry L. Johnson, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellees/cross-appellants Kentucky Ins. Guar. Assn.

Before HOWERTON, C.J., and McDONALD and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from a judgment of the Bell Circuit Court which affirmed an Opinion and Award of the Workers' Compensation Board and remanded to the Board for further findings regarding the liability of the Kentucky Insurance Guaranty Association.

The appellant, Jular Ray Collins, was an employee of the Cumberland Gap Provision Company, Inc. In October 1983 Mr. Collins suffered a work-related injury to his back, which ultimately required surgery in an attempt to repair damage to his spine. Following continued problems with his back, Mr. Collins filed a claim before the Workers' Compensation Board in which he sought compensation for total occupational disability.

The Board found that Mr. Collins had suffered from some amount of functional impairment as a result of a prior spinal operation performed in 1961. It further found that the 1983 injury alone would not have resulted in 100% occupational disability, and that the claimant was 20% occupationally disabled prior to his 1983 injury. Therefore, while the Board determined Mr. Collins to be 100% occupationally disabled, it found that 20% of his disability was noncompensable, and it apportioned liability for the remaining 80% equally between the employer and the Special Fund. Commensurate with its finding of 100% disability, the Board extended the duration of the award for so long as the claimant should remain disabled.

The employer's insurer, the Ideal Mutual Insurance Company, was adjudged to be insolvent on February 7, 1985. As a result the Kentucky Insurance Guaranty Association (KIGA) became liable for Ideal Mutu-

al's obligations to its insured pursuant to KRS 304.36-080. Although the KIGA was joined as a party before the Board, the Board's Opinion and Award failed to impose liability on the association. A petition to rectify this was unsuccessful. A separate petition from the employer asking that it be given credit for payments already made resulted in an amended order directing that credit be given on a week-for-week basis, rather than on a dollar-for-dollar basis as requested.

On appeal to the circuit court the decision of the Board was affirmed in all respects. However, the court remanded the case to the Board in order that the Board might determine the extent of the KIGA's liability for the obligations of Ideal Mutual. This appeal followed.

The appellant first contends that the Board erred in determining that he suffered from a 20% occupational disability prior to his 1983 injury. He argues that this determination conflicts with the Board's finding that following his 1961 back surgery "he apparently had no great hindrance to actively work," and urges that there was insufficient evidence of prior functional impairment to support a finding of 20% preexisting occupational disability. We disagree.

Two of the three physicians who testified before the Board were of the opinion that the appellant was 5% functionally impaired prior to his 1983 injury, as a result of his 1961 back surgery. This was sufficient to support a finding by the Board that Mr. Collins was to some extent functionally impaired prior to the later injury. A finding of preexisting functional impairment, in cases where the Board determines that a second injury alone would not have resulted in 100% occupational disability, requires that the Board assign *"some* percentage" of occupational disability to the prior impairment. *Young v. Campbell,* Ky., 459 S.W.2d 781, 785 (1970) (emphasis in original). *See also Mullins v. American Technical Industries, Inc.,* Ky., 467 S.W.2d 593, 594 (1971). We cannot say that the Board's determination was clearly errone-

ous or that the evidence compelled a different result.

■■■ Next, the appellant alleges that the KIGA should be liable for the full amount of the award against his employer. The KIGA had argued before the circuit court that its liability should be limited to $50,000.00 pursuant to KRS 304.36–080, as amended in 1984. The trial court declined to rule on the question and remanded to the Board for further consideration of the issue. Since the facts are not in dispute, the KIGA's statutory liability is a question of law which could have been decided by the circuit court. *Cf. W.T. Sistrunk & Co. v. Kells*, Ky.App., 706 S.W.2d 417 (1986). In the interest of judicial economy we shall address the issue here.

The KIGA's liability is set by KRS 304.-36–080. In 1983 the statute provided that the KIGA would be obligated to pay certain unpaid claims on the policies issued by insurers which had become insolvent. The obligation was limited to amounts between $200.00 and $50,000.00, "except that the association shall pay the full amount of any covered claim arising out of a workers' compensation policy." KRS 304.36–080(1)(a). In 1984 the statute was amended by deletion of the exception for workers' compensation claims. Thus, under the 1984 version of the statute the KIGA's obligation to pay would not exceed $50,-000.00, while under the 1983 version of the statute the KIGA would be liable up to the full amount of the workers' compensation insurance carried. The appellant argues that the KIGA's liability must be determined as of the date of his injury, October 1983, while the KIGA maintains that its liability should be determined as of the date of Ideal Mutual's insolvency, February 1985.

The substantive rights of a claimant under the workers' compensation statute are fixed by the statutory provisions in effect on the date of his injury. *See McGregor v. Pip Johnson*, Ky., 721 S.W.2d 708, 710 (1986). This is so because the provisions of the statute in effect at the time of injury are considered to be a part of the contract of employment between the claimant and his employer. *See Thomas v. Crummies Creek Coal Co.*, 297 Ky. 210, 179 S.W.2d 882 (1944). The provisions of KRS 304.36–080 are not a part of the contract between an employee and his employer, so the rationale for fixing substantive rights at the time of injury for workers' compensation purposes has no application to fixing the liability of the KIGA to assume the obligations of an insolvent compensation insurer. Absent some clear showing of a legislative intent to the contrary, we believe the extent of the liability of the KIGA should be measured by the statutes in effect when it becomes liable to pay a covered claim.

KRS 304.36–080(1) obligates the KIGA "to the extent of the covered claims existing prior to the determination of insolvency and arising within thirty (30) days after the determination of insolvency." KRS 304.-36–050(3) defines in relevant part a "covered claim" as "an unpaid claim ... which arises out of and is within the coverage of an insurance policy ... issued by an insurer, if such insurer becomes an insolvent insurer after June 16, 1972...." Subsection (4) of that same statute in relevant part limits the definition of "insolvent insurer" to a licensed insurer against whom a final order of liquidation with a finding of insolvency has been issued by a competent court of the insurer's domicile after June 16, 1972. Under the statutes, therefore, the KIGA is obligated to pay only "covered claims"; a "covered claim" is an unpaid claim against an "insolvent insurer"; and an "insolvent insurer" is one which has been so found by a competent court of its domicile which has also ordered liquidation. The KIGA's liability to pay does not attach until an insurer is found to be insolvent by the appropriate court. In this case, that was in February 1985. At that time, the version of KRS 304.36–080 in effect did not exclude workers' compensation claims from the $50,000.00 limit to KIGA's obligation. Thus, we conclude that the KIGA's obligation to pay Mr. Collins is limited to $50,-000.00.

On cross-appeal[1] the employer, Cumberland Gap Provision Company, Inc., and the KIGA contend that the Board erred by awarding benefits for a 100% occupational disability for the duration of the disability, instead of limiting the duration of the award to 425 weeks as would be the case for an 80% permanent partial disability. The cross-appellants concede that the Board's award was proper under the holding of *Teledyne–Wirz v. Willhite*, Ky.App., 710 S.W.2d 858 (1986), but they argue that *Teledyne–Wirz* is wrong and should be overruled. We are not so persuaded.

The cross-appellants also maintain that the Board should have allowed a dollar-for-dollar credit against the award for voluntary payments made to the appellant rather than a week-for-week credit. They recognize that *General Electric Co. v. Morris*, Ky., 670 S.W.2d 854 (1984), holds to the contrary, but suggest that it too should be overruled. Since we are not accorded the authority to overrule a decision of the Kentucky Supreme Court, *see* SCR 1.030(8), this argument is best addressed to that Court.

The judgment is affirmed, and this case is remanded to the Workers' Compensation Board for entry of an order holding the Kentucky Insurance Guaranty Association liable for the appellant's claim against the Ideal Mutual Insurance Co., up to the statutory maximum of $50,000.00.

All concur.