SOUTH CENTRAL BELL TELEPHONE COMPANY, Appellant,

v.

Malcolm D. GEORGE; James R. Yocom, Commissioner of Labor and Custodian of the Special Fund; and Workers' Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

June 12, 1981.

Withdrawn and Reissued July 24, 1981.

Discretionary Review Denied Sept. 15, 1981.

John M. Stephens, Stephens, Combs & Page, Pikeville, for appellant.

Woodrow W. Burchett, Prestonsburg, Dennis S. Kline, Dept. of Labor, Louisville, for appellees.

Before LESTER, McDONALD and REYNOLDS, JJ.

McDONALD, Judge:

The sole issue in this appeal concerns the calculation of credit against a Workers' Compensation award for payments made by an employer under a pension plan.

In September of 1978, the Workers' Compensation Board determined that Malcolm D. George was totally and permanently disabled from injuries precipitated by a slip and fall at work on July 29, 1976. Because the disability was due in part to a pre-existing condition, the award was apportioned 50–50 between the employer and the Special Fund. The employer appealed the apportionment but both the Pike Circuit Court and this court affirmed the Board's decision. Subsequently, the employee George sought enforcement of the award. South Central Bell moved for entry of an order of satisfaction of judgment, tendering checks for the amount it believed was owed. The parties differed, however, on how much South Central Bell actually did owe. The controversy arose because South Central Bell had paid George $289 per week for a period of 52 weeks as sickness disability benefits under its "Plan for Employees' Pensions, Disability Benefits and Death Benefits" (the Plan). The Plan provided that should the employee be entitled under the law to comparable benefits, then the employer would only have to pay the difference between the Plan benefits and those prescribed by law. In essence, the Plan supplemented Workers' Compensation.

Under the terms of the Board's order, George was to recover $96 per week from South Central Bell, subject to reimbursement of half that amount by the Special Fund to be paid quarterly. The order states, ". . . and the defendant (South Central Bell) is to take credit for any compensation heretofore paid." In the action for enforcement of the award, the circuit court made findings of fact and concluded that the employer was obligated under the Plan to pay $193 per week, the difference between the Plan benefits ($289) and the award ($96), and that the employer was entitled to credit for the 52 payments of $96 per week paid over and above the amount owed under the Plan.

It is South Central Bell's contention here as below that benefits paid to an employee under a sickness and accident plan funded entirely by the employer should be credited dollar for dollar against the Workers' Compensation award because otherwise the employee would recover twice from the employer for the same injury. The appellee George maintains that any offset should be computed in terms of time, not dollars and that the trial court was correct in crediting the employer with a year's worth of payments made. George also initiated a cross-appeal arguing that no offset against the award should be allowed at all; the cross-appeal, however, was never perfected and was ultimately dismissed by order dated March 17, 1981.

There are cases construing the same provision as was present in the employer's disability plan providing for integration of plan benefits with Workers' Compensation. In the case of *Strohmeyer v. Southwest Bell Telephone Company*, 396 S.W.2d 1 (Mo.App. 1965), the court allowed a credit for payments under the plan but limited that credit to the temporary total disability payments that were due. In a subsequent case relying on *Strohmeyer*, credits were not limited to the amount due under the com-

pensation act and the employer recovered the full extent of the payments made pursuant to the plan. *Cowan v. Southwest Bell Telephone Company,* 529 S.W.2d 485 (Mo. App.1975).

In this case the trial court gave the employer credit for one year of Workers' Compensation payments. The employer had actually paid $15,028 in sickness disability benefits. The employer now wants dollar for dollar credit against the Workers' Compensation award for the amount actually paid. For the reasons set out below we cannot agree and therefore we affirm the judgment of the trial court which granted credit for that portion of the payments under the Plan which represented the employer's liability under the Workers' Compensation schedule.

According to the Board's order, credit was to be allowed for any "compensation" heretofore paid. Construing this language together with the provision of the Plan which provided for integration of benefits with Workers' Compensation, we conclude that of the $289 per week paid to the employee only $96 per week could be considered "compensation" and the balance must be considered as sickness disability benefits pursuant to the Plan.

Professor Larson has discussed the legal status of contractual supplements to compensation and states:

> It is possible to imagine a number of troublesome legal questions that might emerge from the type of contract in which the employer agrees to pay, say, $90 a week benefits instead of the $70 specified by statute. One cardinal principle, however, should ordinarily settle most such questions. That principle is the simple proposition that the contractual excess is not workmen's compensation. It performs the same functions, and is payable under the same general conditions, but legally it is nothing more than the fruit of a private agreement to pay a sum of money on specified conditions. 4 A. Larson, *Workmen's Compensation Law* § 97.53 (1981).

The appellant has not cited any Kentucky cases as authority for his proposition that the credit should be dollar for dollar. It is our opinion that any credit should be limited to the compensation due, as the trial court ruled. We affirm that judgment.

All concur.