BETH–ELKHORN CORPORATION,
Appellant,

v.

James W. LUCAS; John Calhoun Wells,
Commissioner of Labor and Custodian
of the Special Fund; and Workers'
Compensation Board of Kentucky, Ap-
pellees.

John Calhoun WELLS, Commissioner of
Labor (the Special Fund), Appellant,

v.

James W. LUCAS; Beth-Elkhorn Corpo-
ration; and Workers' Compensation
Board, Appellees.

Court of Appeals of Kentucky.

Oct. 28, 1983.

Rehearing Denied Dec. 23, 1983.

Discretionary Review Denied by
Supreme Court June 27, 1984.

Bennett Clark, Stoll, Keenon & Park,
Lexington, for Beth-Elkhorn.

R. Roland Case, Kelsey E. Friend Law
Firm, Pikeville, for Lucas.

Denis S. Kline, Dept. of Labor, Louis-
ville, for Special Fund.

Before HOWERTON, LESTER and
REYNOLDS, JJ.

LESTER, Judge.

This is an appeal from findings of fact,
conclusions of law and a judgment of the
Pike Circuit which reversed that portion of
the Workers' Compensation Board's award
which granted to appellant, Beth-Elkhorn
Corporation, a credit on the award for the
period of time during which appellee,
James Lucas, received his full salary from
Beth-Elkhorn.

James Lucas was a foreman for appel-
lant when he became disabled on January

17, 1981, as a result of pneumoconiosis. Beth-Elkhorn and the Special Fund were both named party defendants. As a supervisory employe, Lucas was paid a salary rather than an hourly rate, which salary was $3,421 when he last worked. As a benefit of being on salary, the claimant was also covered under a plan labelled "Disability Absence Allowance," which provided payment at the regular rate of pay if he was absent from work due to disability caused by sickness, accident or pregnancy, for a period of time contingent upon length of service with the company. At the hearing before the Board, Lucas stipulated that he was on a salary continuation program with Beth-Elkhorn.

In addition to the transcript of the hearing, the record contains the deposition of George Smith, appellant's supervisor of personnel services, who explained the aforesaid disability plan and its coverage of the claimant. Lucas received those benefits until November, 1981.

In its opinion and award of May 17, 1982, the Board found the claimant to be totally and permanently disabled from coal worker's pneumoconiosis, attributable to his 41 years of exposure in and around coal mines. Beth-Elkhorn was originally ordered to pay $54.25 per week, while the Special Fund was to pay $162.75 per week. The award provided that appellants were entitled to "credit for compensation heretofore paid." A petition for reconsideration was filed by Beth-Elkhorn seeking to have benefits begin from the date upon which Lucas last received his full salary, November 28, 1981, rather than from January 17, 1981, the date he last worked. Appellee Lucas moved for reconsideration to correct the amounts of benefits to be received to $58.31 from Beth-Elkhorn and $174.95 from the Special Fund, in line with the law applicable upon the date of last injurious exposure.

By an order of June 7, 1982, the Board granted both petitions. Specifically, as to Beth-Elkhorn's petition it stated:

The defendants shall take credit on the above award for the period of time during which plaintiff received his full salary from Beth-Elkhorn Corporation.

The claimant, James Lucas, sought review of this latest order in the Pike Circuit Court, asserting that the employer's petition for reconsideration was improperly granted on the ground that the evidence reflected that he drew a sum equal to his salary as sick leave, not as a technical salary. In addition, it was argued that KRS 342.281 prohibited the Board from granting Beth-Elkhorn's petition because it was not correcting an error patently appearing on the face of the award. The lower court concurred with appellee Lucas' contentions and reversed that portion of the Board's award which allowed appellants a credit during the time when he received his full salary.

■ On appeal, the Special Fund joins Beth-Elkhorn in contesting the lower court's action. They first take issue with that court's conclusion of law where it stated:

Since the defendant employer, Beth-Elkhorn Corporation failed to appeal or cross appeal it has no standing in this Court on an appeal by the employee on the issue as to whether or not the money paid to the plaintiff by Beth-Elkhorn Corporation is a salary rather than pay based upon a contract which governs the amount of pay depending upon the length of service.

Lucas responds by claiming that the only issue before the trial court was the propriety of the Board's granting of appellant's petition for reconsideration.

KRS 342.281 provides in pertinent part: The board shall be limited in such review to the correction of errors patently appearing upon the face of the award, order, or decision and shall overrule the petition for reconsideration or make such correction within ten (10) days after submission.

The terms "compensation heretofore paid," as used in the original Board order, have been interpreted to include monies paid under a company disability plan, to the extent of the amount awarded by the Board.

**482**

*South Central Bell Telephone Co. v. George,* Ky.App., 619 S.W.2d 723 (1981). The Board is permitted to correct an error as regards the time from which the compensation is to run. *Reliance Diecasting Co. v. Freeman,* Ky., 471 S.W.2d 311 (1971). In the case at hand, it is our opinion that the Board properly entertained and ruled upon Beth-Elkhorn's petition for reconsideration, since in doing so it merely clarified the "compensation heretofore paid" by appellant, by correcting the time from which the workers' compensation award is to run.

 Lucas attempts to distinguish the *George* case on the ground that therein the disability plan provided for integration of benefits with workers' compensation, while here there is apparently no such provision. We do not view the lack of such a provision as determinative. In discussing the legal effect of such plans, this court in *George* adopted the view of Professor Larson, who stated:

> "... One cardinal principle, however, should ordinarily settle most such questions. That principle is the simple proposition that the contractual excess is not workmen's compensation. It performs the same functions, and is payable under the same general conditions, but legally it is nothing more than the fruit of a private agreement to pay a sum of money on specified conditions." 4 A. Larson, *Workmen's Compensation Law* § 97.53 (1981). *Id.* 619 S.W.2d at 725.

As such, it matters not whether the disability plan expressly sets forth that it is a supplement to workers' compensation. We deem important the fact that the employer herein provided these additional disability benefits at no apparent cost to the employe. Therefore, we believe that Beth-Elkhorn is entitled to benefit from its own generosity.

Appellee also argues that the Board's award of a credit is not supported by findings of fact and conclusions of law. We remind Lucas, however, that review of an award of the Workers' Compensation Board by a court is limited to the question of whether there is substantial evidence in the record to support the Board's award.

*Armco Steel Corp. v. Mullins,* Ky., 501 S.W.2d 261 (1973). We believe that the circuit court herein erroneously substituted its view of the evidence for that of the Board. There is ample testimony regarding the existence and the nature of the disability plan, and its applicability to Lucas, so as to support the Board's award of a credit to Beth-Elkhorn.

Finally, since the Special Fund is an appellant and adopts the argument of the employer on appeal, we feel compelled to discuss its right to a credit as opposed to that of the employer. The *George* case does not address this specific claim since the Fund apparently perfected no appeal therein. However, it is our opinion that the logic of that case mandates that only the employer may benefit. After all, it was the largess of the employer which provided the disability benefits in the first place.

Therefore, the judgment of the circuit court is reversed with directions to reinstate the original award of the Workers' Compensation Board along with the amended order of June 7, 1982 allowing a credit to the employer, Beth-Elkhorn.

All concur.