Madeline **COPHER**, Appellant,

v.

**AMERICAN STANDARD, Worker's Compensation Board and Special Fund, Appellees.**

Court of Appeals of Kentucky.

May 8, 1987.

Discretionary Review Denied
by Supreme Court
July 30, 1987.

John Frith Stewart, Louisville, for appellant.

Stuart E. Alexander, Louisville, for appellee, American Standard.

Thomas A. Dockter, David Randall Allen, Labor Cabinet, Louisville, for Special Fund.

Before COMBS, HOWARD and LESTER, JJ.

LESTER, Judge.

This is an appeal from a judgment reversing the Worker's Compensation Board's order denying American Standard the right to credit for disability benefits paid to Madeline Copher, the widow of its employee, Ralph Copher. Mr. Copher, an employee for the appellee for thirty-five years, developed pneumoconiosis and was found to be totally disabled. He received a weekly award from the Worker's Compensation Board in 1984, in the approximate sum of $239.33 from May of 1982 for so long as he remained disabled. His award contained the standard statement that:

> Said defendant is to take credit for all payments of compensation heretofore made.

American Standard did not file a timely petition for reconsideration of that award.

The sole issue before this Court is whether American Standard is entitled to credit for pension disability payments. Mr. Copher had been drawing amounts from his non-contributory disability pension plan since February 1, 1983. On May 20, 1985, American Standard moved the Worker's Compensation Board for credit of amounts paid by the company under its disability pension award. That motion was summarily denied. American Standard appealed to the Jefferson Circuit Court which reversed, holding that *Beth-Elkhorn Corporation v. Lucas*, Ky.App., 670 S.W.2d 480 (1983), controlled in this situation and therefore, American Standard was entitled to take credit for disability pension payments made. We agree that *Beth-Elkhorn, supra*, and *South Central Bell Telephone Co. v. George*, Ky.App., 619 S.W.2d 723 (1981), are controlling in the case of a non-contributory pension plan. However, it appears that it would only be controlling precedent regarding those payments made prior to the date of award. As we stated before, American Standard did not make a motion for reconsideration and therefore,

would be bound by the Board's language that it would be credited for payments of compensation heretofore made, which means those payments prior to the award.

Clearly, KRS 342.281 requires that a petition for reconsideration be filed to correct an error patently appearing upon the face of the award. The fact that only previous compensation payments were credited is clear on the face of the award and after the fourteen-day filing period for the petition, the award becomes final. Thus, the motion for credit filed over a year after the date of the award was not timely.

Therefore, the Jefferson Circuit Court is reversed and this matter is remanded for determination of credit allowed up to and including the date of February 27, 1984, the date of the Worker's Compensation award.

Further, pursuant to 2.(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.