Douglas JOHNSON, Appellant,

v.

SCOTTS BRANCH COAL COMPANY; Carol M. Palmore, Secretary of Labor (Special Fund); and Workers' Compensation Board of Kentucky, Appellees.

No. 87–CA–1853–MR.

Court of Appeals of Kentucky.

June 24, 1988.

Case Ordered Published by Court of Appeals July 22, 1988.

Randy G. Clark, Pikeville, for appellant.

David H. Neeley, Francis, Kazee & Francis, Prestonsburg, for appellee, Scotts.

Thomas A. Dockter, Louisville, for appellee, Fund.

Before CLAYTON, MILLER and WILHOIT, JJ.

MILLER, Judge.

Douglas Johnson brings this appeal from a judgment of the Pike Circuit Court entered upon an appeal from the Workers' Compensation Board (Board). KRS Chapter 342.

Douglas was "laid-off" by his employer, appellee/Scotts Branch Coal Company (Scotts), on June 10, 1983. He received $1,285.00 per month supplemental pay from that date through March 3, 1984. After lay-off, Douglas remained unemployed for a considerable period of time. Ultimately, he acquired a truck and began hauling freight in interstate commerce. In February 1986, he ceased driving the truck because of "trouble with his legs," the result of arterial problems.

In 1986, Douglas was diagnosed as suffering from pneumoconiosis. On May 27, 1986, Douglas filed a claim (Form 11) with the Board, claiming total disability from pneumoconiosis and/or silicosis, as of June 10, 1983, the date of his lay-off from Scotts.

Much evidence was taken. On May 4, 1987, the Board rendered an opinion and award, fixing Douglas's disability at 40% permanent partial, due to the coal miner's disease. Both Douglas and Scotts appealed to the Pike Circuit Court.

Citing *Teledyne–Wirz v. Willhite*, Ky. App., 710 S.W.2d 858 (1986), Douglas argued the Board erred in not arriving at a 100% award by considering his post-injury arterial problem with his legs. Scotts argued that Douglas's 40% award should be

diminished by the supplemental pay received by Douglas. The circuit court rejected Douglas's argument, and accepted Scotts's, thus precipitating this appeal by Douglas.

■ First, we consider Douglas's argument that the post-injury disability relating to his legs should be added to the 40% disability attributable to his work-related injury, thus rendering him 100% occupationally disabled. The object of his argument is to classify him 100% disabled, thereby entitling him to "lifetime" benefits rather than the statutory limit placed upon partial disability awards. We do not interpret *Teledyne–Wirz*, 710 S.W.2d at 858, as supporting his argument. That case involved an occupational disability existing before the work-related injury. The court held that such preexisting disability could be appended to the work injury to arrive at apportionment under the formula set forth in *Young v. Fulkerson*, Ky., 463 S.W.2d 118 (1971). It does not necessarily follow that post-injury disabilities can be added to work injuries so as to enhance the percentage of disability and consequent duration of payments under the Workers' Compensation Act. We find no persuasive basis for such a rule. Douglas's argument, in this regard, is rejected.

■ We now turn to the reduction of Douglas's award by the amount of the supplemental payments received from the employer when Douglas ceased working. Here, we believe the circuit court misinterpreted *Beth–Elkhorn Corp. v. Lucas*, Ky. App., 670 S.W.2d 480 (1983), which simply held that payments made by the employer under a "disability plan" were deductible from an award as compensation theretofore paid. In the case *sub judice*, Douglas's supplemental payments were in no way related to employment disability. In fact, his cessation of work was not due to any known disability. We see no reason to expand *Beth–Elkhorn Corp. v. Lucas*, 670 S.W.2d at 480, beyond the facts as to cover the situation at hand. Here, we take note of *Wells v. Jones*, Ky.App., 662 S.W.2d 849 (1983), wherein we held the Board is without jurisdiction to offset an award of unemployment benefits against its award of compensation benefits.

For the foregoing reasons, the judgment of the Pike Circuit Court is affirmed in part, and reversed in part and remanded for proceedings consistent with this opinion.

All concur.