**James R. JETT, Appellant,**

v.

**PEABODY COAL COMPANY; Larry D. Beale, Director of Special Fund; and Workers' Compensation Board, Appellees.**

**No. 91–SC–227–WC.**

Supreme Court of Kentucky.

April 9, 1992.

Dick Adams, Madisonville, for appellant.

William P. Swain and Walter E. Harding, Louisville, for appellee Peabody Coal Co.

David R. Allen, Labor Cabinet–Sp. Fund, Louisville, for appellee Beale, Dir. of Sp. Fund.

OPINION OF THE COURT.

In this workers' compensation case, claimant was awarded lifetime benefits following his motion to reopen. The Workers' Compensation Board (Board) affirmed the decision of the Administrative Law Judge (ALJ) in a split decision. The Court of Appeals, with Judge McDonald dissenting, reversed and remanded on the grounds that benefits should have been awarded for a period of 425 weeks. The issue before this Court involves the duration of benefit payments under KRS 342.730(1)(a) and (b) which provide that income benefits for total disability will be paid during such disability and income benefits for permanent, partial disability will be paid for 425 weeks.

In 1985, claimant was originally awarded benefits for 35% occupational disability as the result of suffering an electrical shock while checking a battery charger. The trauma and burns associated with this incident were found to have aroused preexisting psychiatric and degenerative disc conditions into disabling reality, and therefore 20% of the award was apportioned against the Special Fund.

Pursuant to claimant's motion to reopen, the ALJ rendered an opinion in 1989, finding that claimant was 100% occupationally disabled. The ALJ found that 15% of claimant's additional 65% disability was due to an aggravation of the psychiatric impairment by the stresses of the injury, and that the remaining 50% was due to the aggravation of the psychiatric impairment by stresses not related to the occupational injury. Claimant was awarded lifetime benefits for a 50% occupational disability. The Board affirmed the ALJ's award.

The lifetime award was based upon the holding in *Teledyne–Wirz v. Willhite*, Ky. App., 710 S.W.2d 858 (1986). In that case, the Court of Appeals held that even though claimant had a noncompensable, occupational disability which existed prior to a compensable injury, such prior disability is not excluded from the determination of whether there is total disability to justify a lifetime award under the statute.

In the case at bar, the Court of Appeals agreed with the employer that *Johnson v. Scotts Branch Coal Co.*, Ky.App., 754 S.W.2d 555 (1988), controlled, and therefore claimant was entitled to an award of bene-

fits for 425 weeks, rather than to an award of lifetime benefits. The *Johnson* decision held that a claimant's post-injury arterial condition could not be added to the work-related pneumoconiosis disability rating so as to enhance the percentage of disability and consequent duration of payments under The Act.

The *Teledyne–Wirz* decision recognized that there are two separate statutory steps employed to reach an award:

(1) The determination of disability payments under KRS 342.730: whether the ALJ finds claimant to be totally disabled or partially disabled by considering the whole of his disability. If the claimant is totally disabled, the benefits are paid under (1)(a) for life. If the claimant is partially disabled, then benefits will be paid out for 425 weeks per (1)(b).

(2) Responsibility for the payment of an award is apportioned under KRS 342.120. It is at this point that the portion of the disability which is attributable to a prior noncompensable condition or injury is excluded. The duration of the award is no longer an issue since whether the remaining benefits are to be paid for 425 weeks or life has already been decided under Step 1.

Judge McDonald stated in his dissenting opinion below that *Johnson* carved out an exception to the *Teledyne–Wirz* rule, so that a subsequently incurred, independent, noncompensable disability could not be appended to a prior occupational disability to enhance one's payments. Judge McDonald explained his view that *Johnson* is simply inapposite in the present case, where claimant's increased disability relates back to his employment.

■ The factual situation presented by this case is unique. Because a portion of claimant's aggravated condition is work-related, this case is distinguishable from *Johnson*. In that case, the post-injurious condition arose subsequent to the work-related disability but prior to the adjudication of the claim. Therefore, it was the coincidental timing of the onset of the nonwork-related condition that even brought it into consideration. As a completely unrelated condition involving a distinct and separate physical malady, it would not have been grounds, standing alone, to initiate a claim nor reopen a previous award. Likewise, had claimant's condition in this case been completely unrelated to the underlying occupational injury, the award could not have been properly reopened, and this issue would have never arisen.

The nonwork-related portion of claimant's aggravated condition is inextricably connected to the overall psychiatric disorder, which was originally aroused into disabling reality by the occupational injury. Under these unique circumstances, and without proof to the contrary, it is virtually impossible to determine whether the nonwork-related aggravation would have been present at all absent the initial occupational arousal.

■ Where a compensable condition is aggravated by work-related as well as nonwork-related factors, we believe the entire condition, including the nonwork-related portion which became manifest concurrently with the work-related aggravation, must be considered when determining the disability rating.

The claimant also raises procedural issues which we decline to address in light of our decision on the merits of the case.

The opinion of the Court of Appeals is reversed, and the opinion and award of the Administrative Law Judge is hereby reinstated.

All concur.