**AMERICAN STANDARD, Appellant,**

v.

**James BOYD, Vicki G. Newberg, Acting Director of The Special Fund; and Workers' Compensation Board, Appellees.**

No. 93–SC–530–WC.

Supreme Court of Kentucky.

April 21, 1994.

William A. Miller, Sr., C. Patrick Fulton, Thomas L. Ferreri, Ferreri & Fogle, Louisville, for appellant.

Tamara Todd Cotton, Hardy, Logan, Priddy & Cotton, Louisville, for appellee Boyd.

Judith K. Bartholomew, Peter J. Naake, Labor Cabinet—Special Fund, Louisville, for appellee Newberg.

## OPINION OF THE COURT

In the opinion and award rendered by the Administrative Law Judge (ALJ) on May 25, 1991, claimant was found to be 60% occupationally disabled. The order specified that claimant was to recover from the defendant/employer (American Standard) benefits for 30% occupational disability. The opinion contained the standard language that American Standard, "shall take credit for any payment of such compensation heretofore made." According to *Copher v. American Standard,* Ky.App., 732 S.W.2d 508 (1987), this language permits a credit for only those payments prior to the award.

American Standard filed a petition for reconsideration and noted that claimant testified that he was receiving disability pension benefits through work. American Standard contended that therefore the award should also provide that it was entitled to a credit for any payment of benefits received by the claimant in the future pursuant to the disability pension fund provided by American Standard, citing *Hatfield v. Eastern Coal Corp.,* Ky.App., 787 S.W.2d 274 (1990). The ALJ ruled as follows:

> The burden of proof is on the defendant-employer to show that any payments received by the plaintiff pursuant to a disability insurance fund is from a disability plan that is entirely funded by the defendant-employer. All the defendant-employer had to do was ask the plaintiff the question of whether or not he had contributed to the disability pension fund, but they didn't and I can't. Therefore, the defendant-employer's petition for reconsideration as it relates to this issue shall be OVERRULED.

American Standard then filed a motion to reopen pursuant to KRS 342.125(1) on the

grounds of mistake. American Standard maintained that it should be inferred from claimant's testimony that the pension was entirely funded by the employer. The only testimony of record regarding this issue was claimant's statement that he was receiving "some disability pension from American Standard" for permanent disability. The ALJ disagreed with American Standard's assertion that the facts were similar to *Fayette County Board of Education v. Phillips*, Ky., 439 S.W.2d 319 (1969), wherein the Court determined that there was a mistake within the purview of KRS 342.125. Under the standard that "a mistake must be founded on such ignorance and misapprehension as to a material thing connected with the subject matter that the award would not have been made otherwise," *Wells v. Fox Ridge Mining Co.*, Ky., 243 S.W.2d 676 (1951), the ALJ overruled American Standard's motion to reopen.

The ALJ explained that claimant's testimony did not raise an inference that the pension was fully funded by the employer and noted that in today's economy it is common knowledge that not all fringe benefits are fully funded by the employer. The ALJ reiterated that American Standard,

> failed to present any direct proof as to the disability plan and they also failed to ask the plaintiff whether the plan was entirely funded by the defendant-employer. If the defendant-employer were allowed to reopen as to this issue, it would appear that they would also be allowed to reopen a case to show active disability when they failed to present the proof in the original claim.

The decisions of the ALJ were affirmed by the Workers' Compensation Board (Board) and the Court of Appeals.

■ American Standard's argument on appeal is that the ALJ abused his discretion in refusing to enter an order allowing credit on the workers' compensation award to American Standard for future payments to claimant under the disability pension plan. In the alternative, American Standard asserts that the ALJ erred in overruling the motion to reopen to provide additional proof with respect to the disability plan.

The Board and the Court of Appeals opined that the right to allowance of a credit requires substantially more than a general acknowledgement by the claimant that his employer has some sort of disability plan. We agree that entitlement to a credit must depend upon proof of all relevant factors including, but not limited to, unilateral funding by the employer, duration and conditions of plan coverage, and whether the plan contains its own internal off-set provisions. See also, *Eastern Coal Corp. v. Mullins*, Ky.App., 845 S.W.2d 27 (1993). The credit is permitted in order to avoid double recovery. Therefore, it is fundamental that it be shown that the plan in question actually fulfills the same purpose as workers' compensation benefits.

It is American Standard's position that the evidence need only show that there is an employer-funded pension plan from which the employee is drawing benefits. This then enables the fact-finder to enter an award allowing the employer credit for compensation paid past and future. The amount, extent, duration, and set-off provisions are all evidentiary matters which American Standard argues will only become issues post-award in the event the employee contends that a credit should not be allowed.

Our Workers' Compensation Act does not contain an express provision regarding pensions unilaterally supplied by the employer and permitting a deduction or credit in workers' compensation benefits in order to avoid duplication of benefits or double payment for single injury. However, avoidance of duplicating benefits is achieved in some instances by including language in the private plan that in the event the beneficiary is the recipient of comparable benefits, then the plan will be merely supplementary.

The employee disability plan involved in *South Central Bell Telephone v. George*, Ky.App., 619 S.W.2d 723 (1981), contained just this sort of limiting provision; the plan was designed to supplement workers' compensation benefits and the employer was to pay the difference between the plan benefits and those prescribed by law. Apparently no issue was raised regarding the appropriate

credit until a controversy arose in an enforcement proceeding regarding whether the credit should be dollar for dollar or week for week.

American Standard asserts that no case expressly sets forth what evidence need be proved for an employer to be granted credit against an award for a long-term disability plan, or, whether it is an issue which must be litigated during the pendency of the claim or arises only in a post-award proceeding. We believe that *Copher v. American Standard,* Ky.App., 732 S.W.2d 508 (1987), provides concrete guidance.

In *Copher,* the award contained the boilerplate language that the employer "is to take credit for all payments of compensation heretofore made." The Court of Appeals was careful to point out that no petition for reconsideration was filed. After the award became final, the employer filed a motion arguing that it was entitled to take credit for disability pension payments made after the award. The Court of Appeals agreed that *Beth–Elkhorn Corp. v. Lucas,* Ky.App., 670 S.W.2d 480 (1983), and *South Central Bell v. George,* Ky.App., 619 S.W.2d 723 (1981), are controlling in the case of a noncontributory pension plan and permit a credit. However, the Court of Appeals explained that those cases

> would only be controlling precedent regarding those payments made prior to the date of award. As we stated before, American Standard did not make a motion for reconsideration and therefore, would be bound by the Board's language that it would be credited for payments of compensation heretofore made, which means those payments prior to the award. 732 S.W.2d at 509.

The *Copher* court concluded that the proper way to correct the patent error of limiting the credit to those payments prior to the award was by filing a petition for reconsideration. Clearly, then, it was not treated as an issue appropriate only in an enforcement proceeding, and the motion for credit filed a year after the award was considered untimely.

Our system is criticized for being unnecessarily technical. We refuse to use this case to set yet another hard and fast rule regarding when the details of a disability plan must be presented, other than to recognize that they must be available to resolve a related issue when that issue is raised. In this case the employer followed the proper procedure by filing the petition for reconsideration, but the evidence was not available for the ALJ's consideration.

We agree with Professor Larson that if at all possible the terms of an employer-funded disability plan should be construed to avoid duplicate benefits. A. Larson, *Workmen's Compensation Law,* § 97.51. Even if the disability plan in question does not expressly provide, benefits will be integrated when possible. *Beth–Elkhorn Corp. v. Lucas,* Ky.App., 670 S.W.2d 480 (1984). It is fundamental, however, that certain basic questions be resolved before an ALJ can consider an employer's request to permit credit against future benefits, not the least of which is whether the employer's plan is actually duplicative. If a party desires certain provisions or rulings in an award, it is that party's responsibility to present evidence to support that position. A motion to reopen is not the proper avenue.

The decision of the Court of Appeals is affirmed.

All concur, except STUMBO, J., not sitting.