**GATLIFF COAL COMPANY, Appellant,**

v.

**Jerry L. EVANS; Denis S. Kline, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**No. 94–SC–786–WC.**

Supreme Court of Kentucky.

April 20, 1995.

William M. Cox, Jr., Teague, Cox & Davis, Williamsburg, for appellant.

Jerry L. Evans, Middlesboro, pro se.

OPINION OF THE COURT

After a complete review of the briefs and record, we adopt in toto the decision of the Court of Appeals.

"BEFORE: LESTER, CHIEF JUDGE, HUDDLESTON, AND SCHRODER, JUDGES.

"SCHRODER, JUDGE: This petition for review of a decision of the Workers' Compensation Board has only one issue, the right of the employer to take credit on the past due portion of an award from the voluntary payments by the employer pursuant to a short term disability plan. The ALJ denied the credit and the Board affirmed.

"Jerry L. Evans was employed by the appellant when he sustained a work-related injury. The appellant/employer paid TTD of $338.68 per week from July 19, 1991 through May 18, 1992. Pursuant to a short term disability plan wholly funded by the employer, the injured worker also received $169.32 per week for 13 weeks and thereafter, $135.46 per week for 13 weeks, for a total of $3962.14 for 26 weeks of sickness and accident disability. The benefits subsequently awarded were $345.33 per week TTD for the same period of July 19, 1991 through May 18,

1992, and then an additional $67.88 PPD each from the employer and the Special Fund for 425 weeks, plus interest on the unpaid installments. The ALJ denied the employer credit on the past due portion of the worker's compensation award for the $3962.14 paid under the short term disability plan to the injured worker. The Board affirmed and this petition for review followed with the appellant/employer contending that the Board and ALJ erred in not giving the employer said credit.

"A review of the "Your Short–Term Disability Plan" (page 170 and 171, Exhibit 1 of the Original Record of the Workers' Compensation Board) reveals benefits for employees off more than six working days in the event of any illness or pregnancy. In the paragraph entitled "How Much You Will Receive," the plan assures the employee that "[w]eekly disability income *from all sources* will be (emphasis the plan's), as follows:

- during the first 13 weeks of disability— 100 percent of base pay; then
- during the next 13 weeks of disability— 80 percent of base pay."

Just to be sure there is no misunderstanding, other sources of disability income is defined by the policy (p. 171) to include:

- disability income provided under Workers' Compensation or similar laws which pay for loss of wages
- primary federal Social Security disability or retirement benefits
- no-fault automobile insurance disability benefits
- any other third-party payment (excluding *your personal insurance*).

If you are entitled to benefits from other sources, STD will pay only the amount necessary to bring your income from all sources up to the proportion of your salary to which you are entitled."

"We agree with the ALJ and the Board that the short term disability plan clearly states that the benefits are a *supplement* to workers' compensation. Consequently, the employer should not receive credit on the past due portion of the workers' compensation award. The employer argues that case law allows such credit citing: *Western Casu-*

*alty and Surety v. Adkins,* Ky.App., 619 S.W.2d 502 (1981); *South Central Bell Telephone Co. v. George,* Ky.App., 619 S.W.2d 723 (1981); *Triangle Insulation v. Stratemeyer,* Ky., 782 S.W.2d 628 (1990); *Beth–Elkhorn Corp. v. Lucas,* Ky.App., 670 S.W.2d 480 (1983); *Hatfield v. Eastern Coal Corp.,* Ky.App., 787 S.W.2d 274 (1990); *General Electric Co. v. Morris,* Ky., 670 S.W.2d 854 (1984); *Copher v. American Standard,* Ky. App., 732 S.W.2d 508 (1987); and *Eastern Coal Corp. v. Mullins,* Ky.App., 845 S.W.2d 27 (1993).

"All of these cases can be distinguished from the case sub judice except for the last, *Eastern Coal Corporation v. Mullins, supra,* in that the plans are silent as to credit or do not contain specific provisions on how to calculate subsequent awards, offsets, etc. *Eastern Coal Corp. v. Mullins,* cited by appellant, actually supports appellee's case in that the plan in that case does contain some guidance. Although the terms are not as clear as in the case sub judice, the Court of Appeals affirmed the Board in not allowing a credit or setoff where the plan provided otherwise.

"Recently, our Supreme Court in *American Standard v. Boyd,* Ky., 873 S.W.2d 822 (1994) reviewed a retirement plan and disallowed a credit against workers' compensation. The Court at page 823 stated:

The credit is permitted in order to avoid double recovery. Therefore, it is fundamental that it be shown that the plan in question actually fulfills the same purpose as workers' compensation benefits.

Using the Court's standards, it is clear that the benefits in the plan in the case sub judice, whether unilaterally bestowed upon the employees through the "employer's largess," or contractual rights gained through collective bargaining, are to *supplement* workers' compensation (up to base salary), not duplicate workers' compensation so as to provide double recovery.

"For the following (sic) reasons, the decision of the Workers' Compensation Board is affirmed.

"All concur."

STEPHENS, C.J., and LAMBERT, LEIBSON, REYNOLDS, SPAIN, STUMBO and WINTERSHEIMER, JJ., concur.