**GAF CORPORATION, Appellant,**

v.

**Bobby G. BARNES; Special Fund; Ronald L. McDermott, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**No. 94–SC–530–WC.**

Supreme Court of Kentucky.

Sept. 21, 1995.

John S. Hoffman, Michael W. Alvey, Sheffer, Hoffman, Thomason, & Morton, Henderson, for appellant.

Karen Alderdice, James W. Owens, Chartered, Paducah, for appellee Barnes.

John E. Stephenson, Joel D. Zakem, R. Scott Summers, Labor Cabinet—Special Fund, Louisville, for appellee Special Fund.

REYNOLDS, Justice.

This workers' compensation case presents an issue of whether an employer received proper credit or offset against an award of income benefits for payments made to a

claimant pursuant to an employer-funded disability retirement pension plan which arose from a collective bargaining agreement.

Claimant commenced work for GAF as an instrument mechanic in July 1966. He sustained a work-related injury on December 28, 1983, and last worked for the company on November 24, 1986. An Administrative Law Judge's (ALJ) decision of June 13, 1991, held claimant to be totally occupationally disabled due to the injury. Thirty-five percent of the disability was deemed to be prior, active, and noncompensable; the remaining sixty-five percent was apportioned equally between the employer and the Special Fund.

On September 1, 1988, claimant (then 52 years old) started to receive a disability retirement benefit of $399.00 per month under the employer-funded pension plan. The plan was provided by the employer pursuant to a collective bargaining agreement between GAF and the claimant's Machinists' Union. At the employer's request, the ALJ allowed a credit against its liability for income benefits under the workers' compensation award to the extent of benefits payable under the pension plan.

In affirming the ALJ, the Workers' Compensation Board (Board) followed *Beth–Elkhorn Corp. v. Lucas,* Ky.App., 670 S.W.2d 480 (1983), wherein an employer who provided disability benefits for sickness, accident or pregnancy at no apparent cost to the injured worker sought a credit against its workers' compensation liability for benefits paid pursuant to the disability plan. In that case, it was concluded that Beth–Elkhorn was entitled to benefit from its own generosity in offering the additional disability benefit. *Id.* at 482. In the instant case, the Board concluded that GAF also was entitled to benefit from its generosity in offering the disability retirement plan.

Claimant then appealed to the Court of Appeals which reversed the Board. The Court of Appeals found *Lucas* distinguishable since the emphasis in that case was upon the employer's generosity or largess in providing the disability benefit; whereas, in the instant case, the disability retirement benefit was part of claimant's overall employment compensation package with GAF, as provided for by claimant's collective bargaining agreement through the Machinists Union. The terms of the disability retirement plan implied that it was intended not only to help provide for claimant's future support but also to compensate him for his past work. The Court of Appeals concluded that there was no substantial evidence to support the ALJ's award of a credit to the employer for payments under the disability retirement plan and we agree. *See American Standard v. Boyd,* Ky., 873 S.W.2d 822 (1994).

It is undisputed that the plan at issue is encompassed in a collective bargaining agreement between GAF and the members of the Machinists Union. Evidence of the terms of the plan was introduced by the employer in the form of a booklet, the stated purpose of which was to acquaint union members with the terms of various employee benefits. As set forth in a GAF publication, the plan is described as follows:

## PENSION PLAN

For Employees Retiring on and
After December 5, 1987

**Eligibility**—Each employee will be automatically covered by this Plan on the first day of the month coinciding with or next following the date of hire.

**Normal Retirement Benefit**—Effective December 5, 1987, the pension rate is $19.50 per month for each year of credited service to age 65.

. . . . .

**Credited Service**—This refers to the period of Continuous Service for an employee covered under the Plan for each year to age 65. An employee will be credited for each 133 hours worked during a Plan year, but in no case can Credited Service exceed Continuous Service in that Plan Year.

Included as "hours worked" will be: (1) paid holidays; (2) paid vacation; (3) jury duty; (4) funeral leave; (5) those periods limited to 26 weeks for any disability during which an employee receives payment under Accident and Health Benefits or Workers' Compensation Benefits; (6) time spent in formal contract labor negotiations

between the Union and the Company; (7) excused time for the conduct of official union business up to 60 days per year.

**Normal Retirement Date**—The first day of the month coinciding with or next following your 65th birthday will be your retirement date.

If you continue employment past your normal retirement date, upon actual retirement you will receive your retirement benefit calculated in the same amount and manner as if you had retired at your normal retirement date. No additional benefits will accrue after age 65.

**Disability Retirement**—If you sustain a total and permanent disability, either occupational or non-occupational, you shall be entitled to receive a benefit computed as shown under "Normal Retirement Benefit," providing you have:

(a) attained age 50;

(b) completed 10 years of continuous service;

(c) not previously elected Early Retirement; and

(d) are entitled to receive disability benefits under the Social Security Act.

.    .    .    .    .

**Social Security Benefits**—Your GAF retirement income is entirely in addition to any benefits you receive from Social Security.

■ We remain in narrow agreement with Professor Larson "that if at all possible, the terms of an employer-funded disability plan should be construed to avoid duplicate benefits." Larson, *The Law of Workmen's Compensation*, § 97.51; *American Standard v. Boyd, supra.* We explained that whether an employer is entitled to a credit against its workers' compensation liability for benefits paid pursuant to a disability benefit plan depends upon all relevant factors. Those factors include, but are not limited to, unilateral funding of the plan by the employer, the duration and conditions of coverage under the plan, and whether the plan contains its own internal off-set provisions. The fundamental question is whether the plan fulfills the same purpose as workers' compensation. If so, then a credit is proper in order to avoid a duplication of benefits. *Id.* at 824. Said otherwise, where an employer seeks a credit against future workers' compensation benefits, it has the burden of proving by substantial evidence that the benefits for which the credit is sought actually are duplicative of workers' compensation benefits.

In *Boyd* there was no mention of a collective bargaining agreement and no argument that the disability retirement plan for which the employer sought a credit was the fruit of such an agreement. Therefore, the implications of a disability plan being the result of such an agreement were not considered. Nonetheless, we determine that the policy set forth in *Boyd* supports the decision of the Court of Appeals to consider those implications as relevant factors in the instant case and also supports the Court of Appeals' conclusion that there was no substantial evidence to support an employer's credit on these facts.

■ The employment contract which emerges from a collective bargaining process contains terms which are the culmination of a bargaining process between workers and employer. Accordingly, an employee benefit which is the product of a collective bargaining process, such as the GAF disability retirement plan which is at issue, may properly be presumed to be a bargained-for benefit and cannot accurately or speculatively be characterized as the product of employer largess. A review of the terms of the GAF pension plan makes it apparent that, aside from the stipulations concerning age and early retirement, disability retirement pension benefits are available only to those workers who have completed 10 continuous years of service with GAF and who are entitled to receive Social Security Disability benefits. It also is apparent that GAF retirement income, of which disability retirement income is but one form, is to be paid in addition to any benefits which the worker receives from Social Security. The plan is silent concerning the relationship of GAF retirement income to any workers' compensation benefits to which the worker might be entitled.

We distinguish *South Central Bell Tel. Co. v. George*, Ky.App., 619 S.W.2d 723 (1981).

Under the facts of this case, no obfuscation arises when a disability benefits plan (intertwined with nonoccupational/occupational benefits) manifests itself. The masters of the plan were, of course, among the scriveners of the plan and the silence as to largess/credit lacks further evidence that credit was due.

In view of the foregoing, we agree with the Court of Appeals that, as the fruit of the collective bargaining process, the GAF disability retirement benefit was a contractual benefit. Furthermore, we agree that the terms of the plan, as contained in the company publication which GAF introduced into evidence, did not provide substantial evidence that the disability retirement benefit fulfilled the same purpose as workers' compensation. Therefore, no credit was authorized. See *American Standard v. Boyd, supra.* Under those circumstances, the ALJ's decision to award a credit against the employer's workers' compensation liability for benefits paid pursuant to the disability retirement plan was unreasonable, and the opposite result was compelled. See *Special Fund v. Francis,* Ky., 708 S.W.2d 641, 643 (1986). Accordingly, the Court of Appeals was correct when it reversed the decision of the Board and remanded the case for the entry of a proper award.

The decision of the Court of Appeals is hereby affirmed, and the case is hereby remanded to the ALJ for the entry of an award that conforms to this opinion.

All concur.