Jeffery **CONKWRIGHT**, Appellant,

v.

**ROCKWELL INTERNATIONAL; William O. Windchy, Acting Director of Special Fund; Hon. Ronald W. May, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 94–CA–000040–WC.

Court of Appeals of Kentucky.

March 29, 1996.

Robert J. Greene, Kelsey E. Friend Law Firm, Pikeville, for appellant.

Ernest H. Jones, II, Robert L. Swisher, Geralds, Moloney & Jones, Lexington, for appellee, Rockwell International.

Joel D. Zakem, Louisville, for appellee, Special Fund.

Before COMBS, GUDGEL and JOHNSON, JJ.

JOHNSON, Judge:

Jeffery Conkwright (Conkwright) petitions for review of a decision of the Workers' Compensation Board (Board) which allowed his employer, Rockwell International (Rockwell), to offset past due workers' compensation benefits by amounts previously paid under a company-funded disability plan. We affirm.

Conkwright injured his back while working for Rockwell on June 15, 1989. The Administrative Law Judge (ALJ) found Conkwright to have a 65% permanent partial disability, and awarded temporary total disability benefits from June 15, 1989, to October 15, 1990. At the time of the award, Conkwright had received no workers' compensation benefits. Rockwell had paid sickness and accident benefits of $280 per week from June 14, 1989, through June 6, 1990. From June 6, 1990, through the time of the award, the employer paid $1,290.77 per month in extended-disability benefits. Rockwell requested that the ALJ give it credit against the workers' compensation award for these amounts previously paid. The ALJ declined to do so.

On appeal, the Board held that since Rockwell's disability plan contained offset provisions for those periods in which the employee was eligible for workers' compensation benefits, the employer was entitled to reduce future plan payments but the workers' compensation payments would not be reduced. *See Eastern Coal Corporation v. Mullins,* Ky.App., 845 S.W.2d 27 (1993). The Board further held that an offset was appropriate against past-due workers' compensation benefits in light of the fact that Conkwright received plan benefits for periods in which he was adjudged eligible for workers' compensation. Otherwise, the Board reasoned, the employee might enjoy a windfall and "Rockwell would be forced to attempt to recoup its loss through a further reduction in future plan payments and/or seek redress in civil proceedings to recover what may, or, may

not be, surplus payments in the eyes of the law." Conkwright then petitioned this Court for review of the Board's opinion.

█ The recent case of *GAF Corporation v. Barnes*, Ky., 906 S.W.2d 353 (1995), which the parties have discussed in supplemental briefing, gives guidance as to when an employer is entitled to receive a credit for benefits paid pursuant to a disability plan provided as a benefit of employment. The primary factors to be considered include, but are not limited to, unilateral funding of the plan by the employer, the duration and conditions of coverage under the plan, and whether the plan contains its own internal offset provisions. *Barnes, supra*, at 355, *citing, American Standard v. Boyd*, Ky., 873 S.W.2d 822 (1994). "The fundamental question is whether the plan fulfills the same purpose as workers' compensation." 906 S.W.2d at 355. Additionally, a disability pension which is the product of a collective bargaining agreement is presumed to be a bargained-for benefit and cannot be characterized as the product of employer largess. *Id.*

█ Conkwright argues that since the Rockwell disability plans were negotiated through a union contract, they constitute a bargained-for benefit of his contract of employment, and as such, the employer is entitled to no credit. We point out that whether the plan was part of a union-negotiated benefits package, and hence, not a product of employer largess, is but one factor to be considered. The real issue is whether the plan fulfills the same purpose as workers' compensation. Both the sickness and accident plan and long-term disability plan in this case provide for a decrease in benefits for those periods in which the employee is eligible for workers' compensation by virtue of the same injury or disability. The plan considered in *Barnes* was silent as to the issue of credit under similar circumstances, and the Court determined that the plan did not fulfill the same purpose as workers' compensation.

The Rockwell plans were unilaterally funded, provide coverage of the same nature as workers' compensation, and contain an internal offset provision. All these factors support a finding that such payments fulfill the same purpose as workers' compensation. In such instance, a credit is proper to avoid a duplication of benefits. *Barnes, supra*, at 355. As the offset provisions of the plans will operate to decrease the future plan benefits payable to Conkwright, we believe Rockwell is entitled to credit against accrued workers' compensation benefits by virtue of its past plan payments. *See South Central Bell Telephone Co. v. George*, Ky.App., 619 S.W.2d 723 (1981).

Conkwright argues that since the plans constitute separate contractual relationships between the parties, the Board should not be involved in determining any offsets. Rather, it is argued, the parties can enforce any contractual offset rights through the appropriate civil courts. We are constrained to follow case law precedent starting with *South Central Bell Telephone v. George*, Ky.App., 619 S.W.2d 723 (1981), and continuing through *Barnes*. SCR 1.030(8)(a). The offset is proper under established precedent.

The opinion of the Workers' Compensation Board is affirmed.

GUDGEL, J., concurs.

JOHNSON, J., concurs and files separate opinion.

COMBS, J., concurs and files separate opinion.

JOHNSON, Judge, concurring.

It is my hope that on appeal, the Supreme Court will review this matter and revisit this issue. It appears to me that this confused area of the law began with a misapplication of the commonly used terminology in workers' compensation awards that the employer was entitled to "credit for compensation heretofore paid." A review of the previous KRS 342.620(14) and the current KRS 342.0011(14) reveals that workers' compensation is defined as "all payments made under the provisions of this chapter representing the sum of income benefits and medical and related benefits." Benefits paid pursuant to sick and accident insurance coverage, long-term disability insurance coverage or a pen-

sion plan are not workers' compensation benefits as defined by the act. Our courts are to follow the plain wording of the act, not some comment by Professor Larson. *See Barnes, supra,* at 355; *George, supra,* at 725. The simple answer to this confusion is to allow no credits other than previous payments of workers' compensation benefits, and let the other contractual claims of offset under the various plans be litigated separately in the civil courts. Generally, these other plans are provided by third-party insurance companies that have not been made a party to the workers' compensation action, whereby the administrative body totally lacks jurisdiction to litigate the issue.

COMBS, Judge, concurring.

While compelled to follow the guiding precedent of *GAF Corporation v. Barnes,* Ky., 906 S.W.2d 353 (1995), I affirm with reluctance and regret and would strongly reiterate Judge Johnson's entreaty to his concurring opinion that on appeal, our Supreme Court refine its *Barnes'* decision. Although *Barnes* is the most recent word on this issue, confusion abounds nonetheless as to the posture of private funding offsets *vis a vis* Workers' Compensation benefits already paid, yet to be paid, etc. The nuances are as endless as the private plans are varied. We need a more definitive statement to resolve inconsistencies that continue to arise.